**LIBERTY PRODUCTS CORPORATION v. H. K. FERGUSON CO.**

Civ. No. 10380.

United States District Court
E. District of New York
May 23, 1950.

674

Bainton, McNaughton, Douglas & Leiby, New York City (Henry W. Steingarten and Louis C. Bernst, New York City, of counsel), for plaintiff.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y. (Eli Resnikoff, Asst. U. S. Atty., New York City, of counsel), for defendant.

BYERS, District Judge.

Two motions have been referred to the undersigned, the first being by plaintiff to dismiss the first and second complete defenses and the counterclaim set forth in the amended answer.

The second is by the defendant for summary judgment in its favor, as to the first alleged cause stated in the complaint.

The important question is as to the legal sufficiency of the first complete defense set forth in the amended answer, which is presented in this dual form. The decision of that issue may be regarded as the second instalment of what has been written of this controversy in 88 F.Supp. 445.

The defendant's position is that the plaintiff is in default under the contract and therefore may not maintain this cause, for the reason that whether recovery may be had for unpaid services may not be decided in a court of law, since the parties have otherwise stipulated. To put it bluntly, that the plaintiff has contracted to accept as its remuneration whatever may be awarded to it by a representative of the Atomic Commission with which it had no contractual relation.

It is unnecessary to repeat the provisions of Section 9 of the sub-contract as set forth in the prior opinion.

The original answer pleaded that a dispute had arisen as to the balance due which had not been disposed of by mutual agreement (pursuant to the termination clause of paragraph 23?), nor by decision by a duly authorized representative of the Atomic Commission as said to have been contemplated by paragraph 9.

It was held that, in order to rely upon default on the part of the plaintiff as to the latter provision, the defendant should have averred not only the fact of the dispute, but also the fact of the decision, if it were to be in a position to offer proof to sustain the plea in bar.

The view so stated is adhered to.

The opportunity to amend was granted to enable the defendant to plead such a decision, if so advised. The amended answer contains no such averment and hence the permission has not been availed of.

Instead, the contract is alleged, being Exhibit A attached to the complaint, and Section 9 is set forth in haec verba. It is then stated that a dispute arose "under said agreement" which has not been disposed of by mutual agreement or decision under said section, thus excluding mutual agreement as contemplated by paragraph 23.

Whether the dispute is within the quoted words is to be discussed.

It is next alleged that the plaintiff has refused "to enter upon and continue negotiations with the defendant with a view to a possible disposition of the said dispute by mutual agreement, as required by section '9' aforesaid".

So much is clearly within the contemplation of that section as to matters "which may arise under this subcontract".

The amount claimed to be due after performance has been completed would be such a matter, unless the parties by apt expression have restricted the definition of a "dispute" which is subject to the sole decision so contemplated; the concluding sentence of that section is thought to mean just that: "Pending decision of a dispute hereunder, the subcontractor shall diligently proceed with the performance of the work under this subcontract."

Obviously the subcontractor could not proceed with that which he had already completed, and the question of the balance due therefore is not such a "dispute" as requires decision while the work is in progress, and of course could not be.

So construed, Section 9 exposes a reasonable and fair constituency; differences of interpretation of specifications, fidelity of performance, and like questions arising while performance is going forward, if not composed by the parties, are to be decided by one whose connection with the prime contract presumably equips him with the necessary insight and authority to decide all such contentions, and with the least possible sacrifice of expedition.

That is the meaning which this Court ascribes to Section 9. As heretofore observed, this particular provision seems not to have required adjudication even in a government contract, which perhaps this should be deemed to be for present purposes, although in terms it is otherwise.

In my opinion, the parties have not contracted to submit the question of the balance due upon completion of performance "to final determination outside the courts * * * by plain language", U. S. v. Moorman, 338 U.S. 457 at page 462, 70 S.Ct. 288, 291, but have confined their submission to decisions required during the

progress of the subject-matter by an official "duly authorized to *supervise and administer* performance of the work hereunder". (Italics supplied.)

This means that paragraphs Seventh (a), (b), (c) and (d) do not allege matters legally sufficient to sustain a plea in bar.

As to the first complete defense, the plaintiff's motion to dismiss is granted, and the defendant's motion for summary judgment is denied.

The plaintiff's motion addressed to the second complete defense and counterclaim presents different questions. Paragraph Eighth of this pleading realleges paragraphs Fourth to Seventh, inclusive, and since the latter has been dismissed it will not enter into this motion. The earlier paragraphs do not require present recital.

Paragraph Ninth alleges the computation of labor charges and "burden" costs which were presented by plaintiff to defendant as the basis of its proposed charges for services to be rendered; that these constituted representations that it would hire qualified employees and would not up-grade or classify them improperly. That plaintiff would pay employees according to the computation, and similarly incur "burden" expenses. That the first contract was made on the basis of such representations.

Paragraphs Tenth and Eleventh are to the effect that the second contract, of May 10, 1948, was entered into at the agreed figure only because the plaintiff "concealed the fact, which it was obliged to disclose to defendant, that it was realizing excess and unreasonable profits resulting from the actual costs of performance and from plaintiff's misrepresentations and failure to comply with the terms of the said agreement".

Paragraph Twelfth alleges in substance that the representations so made were of existing facts having to do with costs of labor, completion date, and the employment of properly qualified and classified employees.

That defendant would not have made the second contract upon the basis of the original computation, if it had known the

676

true facts as to plaintiff's actual costs, is alleged in paragraph Eleventh.

The plaintiff's alleged defaults in performance are alleged in paragraph Fourteenth with sufficient particularity to apprise plaintiff of the basis of the counterclaim which has been recast according to the requirements stated in the earlier opinion.

The assertion is that defendant has withheld the balance sued for of $134,571.06 and has sustained damages in the sum of $100,000.00 for which judgment is prayed.

In denying plaintiff's motion to dismiss the counterclaim, it will be understood that no comment is implied with reference to its sufficiency in the meritorious sense. The Court cannot say from the pleadings that there was no duty of disclosure concerning the then currency of plaintiff's direct and indirect costs at the time the second contract was made; nor is there any indication of whether the initial requirements were expanded in scope or otherwise. This decision is merely to the effect that as a pleading the counterclaim is deemed sufficient to require a responsive pleading under the Rules.

This motion to dismiss is denied.

Settle order in accordance with the foregoing.