Samuel H. Hoestadter, J.
In this action for a declaratory judgment, the plaintiffs apply for a temporary injunction restraining the reference by the defendant of a dispute between the parties to the contracting officer under a letter order or prime contract between the defendant and the Department of the Army, Signal Corps Procurement Agency, Laboratory Office (Army), for the manufacture by the defendant of specified supplies. The defendant cross-moves to dismiss the complaint.
After the defendant had on January 23,1951, entered into its prime contract with the Army by letter agreement, dated April 18, 1951, it placed with the plaintiffs an order for the rendition of services and furnishing of supplies incident to the performance of its prime contract with the Army. By April 18, 1951 letter agreement the parties undertook without delay to enter into negotiations looking to the execution of a definitive contract which would follow “ in the main ” Department of Defense Contract Form No. 351, appropriately adjusted for use in subcontracts. Paragraph 8(a) of this letter order provided that if a definitive contract was not executed by May 15, 1951, or any subsequent date mutually agreed upon, the order was to terminate. The defendant further had the right at any time to terminate the order in whole or in part by written notice, and provision was made for the adjustment of the amount due the plaintiffs upon termination. If termination occurred pursuant to paragraph 8(a) of the order, no allowance of profit was to be made to the plaintiffs.
Paragraph 8(g) of the April 18, 1951, letter order provides: “ (g) Any dispute which arises under this Paragraph 8 regarding a matter of fact (including any dispute (1) as to whether termination has in fact taken place for the convenience of the Contractor or because of the inability of the parties to agree upon a definitive subcontract, or (2) as to the extent of any *951 allowance of profit in the event of a termination for the convenience of the Contractor) will be treated and resolved as a dispute under the ‘ Disputes ’ Article incorporated in this order by reference.”
The 11 Disputes ’ ’ article so incorporated by reference, section 7.103-12 of the Armed Services Procurement Regulations, reads as follows: ‘1 Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. Within 30 days from the date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Secretary, and the decision of the Secretary or his duly authorized representative for the hearing of such appeals shall, unless determined by a court of competent jurisdiction to have been fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence, be final and conclusive; provided, That, if no such appeal is taken, the decision of the Contracting Officer shall be final and conclusive. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer’s decision.” (Code of Fed. Reg, tit. 32, § 7.103-12.)
The plaintiffs claim that they completed performance by June 27, 1952, that the defendant accepted such performance and paid all but $3,020 of a total of $437,482.52 of the plaintiffs’ charges therefor.
It is uncontradicted that no definitive contract was ever executed. The plaintiffs assert that they were always ready to enter into the definitive contract but that the defendant put them off; the defendant, to the contrary, places the blame for nonexecution on the plaintiffs for laying down unacceptable terms. On November 14, 1956, the defendant by letter notified the plaintiffs that, the date for definitization of the contract having expired, the order was terminated in accordance with paragraph 8(a) of the letter order, dated April 18, 1951. The plaintiffs disputed the defendant’s right thus to terminate since the contract had been fully performed long prior to the date of attempted termination “by our rendition of all services requested of us and your acceptance of same.”
*952 The controversy between the parties apparently springs from the Army’s exercise of its right to redetermine the defendant’s prime contract for the ascertainment of the amount finally due and the defendant’s insistence that the plaintiffs’ order is subject to like redetermination. The plaintiffs do not accede to this view and have refused to permit an audit of their books and records. The defendant treats the existing disagreement as a dispute under the terms of paragraph 8(g) quoted above and has accordingly resorted to the disputes machinery under the ‘ ‘ Disputes ’ ’ article. By letter it has written the plaintiffs that the dispute is referred to the contracting officer for resolution, so that, among other things, the plaintiffs may be 11 ordered and adjudged ” to make their books and records available for examination. Significantly, however, the letter concludes with notice that suit will be instituted against the plaintiffs for ‘‘ resolution of any matters of law arising out of the referenced subcontract.” A letter sent to the contracting office at the same time informs him that because the plaintiffs’ position that the contract has been completed “ may involve a matter of law rather than a matter of fact ” the defendant is initiating action in this court.
The plaintiffs here seek an adjudication that they have fully performed the letter order of April 18,1951, that the defendant’s purported termination of the same for failure to execute a definitive contract cannot deprive them of an allowance for profit, that the contract is no longer redeterminable, and that because of the long delay the defendant is now barred from invoking the disputes procedure. The order to show cause bringing on the application for an injunction enjoins the defendant from proceeding in the matter before the contracting officer.
Study of the papers persuades me that the issues so tendered by the plaintiffs are real and substantial. Each of the parties lays the responsibility for the nonexecution of the definitive contract on the shoulders of the other. The issue whether the plaintiffs performed fully and the defendant accepted such performance is largely one of fact, depending in part on conflicting versions of what occurred and in part on the inferences to be drawn from the facts found. There is a serious question of law whether the “ Disputes ” article is applicable to the present controversy, especially so if it is found that the dispute did not arise until after performance had been completed (see United States v. Duggan, 210 F. 2d 926, 932; du Pont de Nemours & Co. v. Lyles & Lang Constr. Co., 219 F. 2d 328, 333; Liberty Prods. Corp. v. H. K. Ferguson Co., 90 F. Supp. 673, 675). Even if it is held that the “ Disputes ” article is *953 applicable and that the defendant has not foreclosed itself from invoking it, it still remains to be determined how much, if any, of the existing dispute concerns questions of fact, for, under the article, only such questions are subject to resolution under it. The foregoing issues are the more basic ones; it is obvious that they can be determined only by trial at which the entire course of dealings under the April 18, 1951 agreement may have to be reviewed.
The defendant urges, however, that the plaintiffs have mistaken their remedy and that they should be remitted to the procedure prescribed by article 84 of the Civil Practice Act dealing with arbitration. Had the plaintiffs moved for a stay of arbitration under that article, their objective would be identical with that sought here: arrest of any steps under the ‘ ‘ Disputes ’ ’ article, and the same underlying differences would undoubtedly be revealed. Were the present situation before the court on a motion for a stay of arbitration, self-evidently the court would have to order a trial. As a practical matter, therefore, a decision that the plaintiffs should have proceeded under article 84 would result merely in bringing before the court at Special Term, Part I instead of at Special Term, Part III the same papers entitled differently; a trial would inevitably follow, only the determination reached would be embodied in a final order rather than a judgment. The useless duplication of effort which such ruling would bring about should not be imposed in these days of liberalized practice unless compelling authority so dictates. None has been cited.
Neither the nature of an action for a declaratory judgment nor that of a provision for arbitration in reason, renders the former an inappropriate medium for defining the scope and applicability of the latter. Indeed, in a case such as the present, with its many complexities, a declaratory judgment action may perhaps lend itself better to a satisfactory solution of the problem posed.
Nothing in declaratory judgment procedure forbids its use to determine questions arising out of an arbitration clause. Eesort to it for such purpose may at times be most fruitful. In Ruth v. S. Z. B. Corp. (2 Misc 2d 631, affd. 2 A D 2d 970) a long-term lease provided for the fixing of rent by arbitration in accordance with a prescribed formula; the parties being in disagreement over the meaning of this formula, a declaratory judgment action was brought to procure a judicial pronouncement as a guide to the arbitrators. Though the defendant there did not challenge the propriety of the action so instituted, the court itself dealt with the question and, in upholding the main *954 tainability of the action, noted its usefulness in the circumstances (2 Misc 2d 631, 635). The case, if not authority, furnishes at least a helpful analogy and shows that declaratory judgment procedure is not necessarily alien in the field of arbitration.
If the article under which disputed questions of fact are to be decided by the contracting officer, in effect the representative of one of the parties to the dispute, is a provision for true arbitration (see Matter of Cross & Brown Co. [Nelson], 4 A D 2d 501) within the purview of article 84 of the Civil Practice Act, there is still very cogent reason why this suit should be entertained. If the plaintiffs do not establish their contention that the 1 ‘ Disputes ’ ’ article is no longer applicable or that the defendant is barred by waiver, laches or otherwise from resorting to it, reference of the dispute to the contracting officer must ensue. Such reference, whether a true arbitration or not, is by the very terms of the article restricted in scope; it is confined to questions of fact. The defendant itself, as we have already noted, recognizes that the existing controversy may also give rise to questions of law. The latter are, of course, beyond the reach of the “ Disputes ” article and can be resolved only by judicial determination. Since these questions of law go to the ultimate rights of the parties and not to the scope or applicability of the arbitration procedure, it is doubtful whether they could be passed upon at all on a motion to stay arbitration. They can be decided in this action. It is contrary to the present trend of disposing of every branch of a controversy in a single action to deal with this controversy in the piecemeal fashion which would become necessary were the plaintiffs now to be relegated to proceedings under article 84 of the Civil Practice Act. Were such proceedings, necessarily confined to the preliminary issues, to eventuate in the vindication of the defendant’s demand for submission of the dispute to the contracting officer, a new action might still have to be brought for the determination of the other issues, beyond the range of the “ Disputes ” article. This undesirable result is avoided by allowing the plaintiffs to maintain this action.
The court must not be understood to say that an action for a declaratory judgment is available indiscriminately regardless of the circumstances as a substitute for the procedure under article 84 of the Civil Practice Act. It rules only that on the facts here shown this course is appropriate and makes for an orderly disposition of the controversy.
It is self-evident that the status quo should be preserved dtiring the pendency of the action. Accordingly, the injunction *955 contained in the order to show cause is continued; the amount of the undertaking will be fixed in the order hereon.
The plaintiffs ’ motion for a preliminary injunction is granted and the defendant’s cross motion to dismiss the complaint is denied.
Settle order.