143 So.2d 904 (1962)
John W. BELL, George C. Petersen, H.V. Saxon, Frank C. Adler and J. Herbert Burke, As the Board of County Commissioners of Broward County, Florida, and the County of Broward, Florida, a Political Subdivision, and Joseph Easthope, for Himself and On Behalf of All Others Similarly Situated, Appellants,
v.
ASSOCIATED INDEPENDENTS, INC., a Florida Corporation, and Continental Enterprises, Inc., a Delaware Corporation, Appellees.
No. 2663.
District Court of Appeal of Florida. Second District.
August 17, 1962.
*905 John U. Lloyd and Joseph Easthope, Fort Lauderdale, for appellants.
Reasbeck & Fegers, West Hollywood, for appellee Associated Independents, Inc.
Hugh S. Glickstein of Glickstein, Crenshaw, Glickstein & Hulsey, Fort Lauderdale, for appellee Continental Enterprises, Inc.
WILLSON, J.H., Associate Judge.
The County of Broward, acting by and through its Board of County Commissioners, granted Associated Independents, Inc., formerly known as Affiliated Services, Inc., an exclusive franchise for the collection and disposal of garbage and waste, within that part of Broward County not included within the corporate limits of any city or town. The performance of the obligations *906 of Associated Independents, Inc., under this franchise was unconditionally guaranteed by Continental Enterprises, Inc.
Paragraph 11 of the franchise agreement reads as follows:
"11. It is recognized that the rates hereinabove provided for are based upon cost of operation upon the effective date of this agreement. Affiliated shall not increase the fixed rates hereinabove provided for without the approval of the County and no such increase shall be sought except when made necessary by increased cost of operations nor will an application for increase in rates be made more often than once in any calendar year commencing October 1st during the term of this Agreement. In the event a change in said fixed rates increasing the same is desired by said Affiliated, a petition shall be filed with the County, accompanied by a current comparative cost of operations statement prepared by a Public Accountant certified in the State of Florida, and such other pertinent information as may be required by the Board to make a proper determination of the cost of operation, and, except as hereinafter provided, no such change shall be made without the approval of said petition therefor filed with the Board of County Commissioners of Broward County, Florida requiring such increase. The Board of County Commissioners shall approve or deny any such petition, in whole or in part, within thirty-one (31) calendar days after the date it has been filed in the office of the Clerk of said Board. However, in the absence of any ruling thereon by said Board within said thirty-one (31) day period, said increase shall become effective on the thirty-second (32nd) day after said filing of said written application therefor unless Affiliated shall agree to an extension of said thirty-one (31) day period, time being of the essence. In the event the said Board shall deny the petition, in whole or in part, and Affiliated shall feel aggrieved, then the matter shall be submitted to arbitration in the following manner. An impartial body consisting of three (3) persons shall decide the issue. One of said persons shall be selected by said Board, one by Affiliated, and one not residing or doing business in Broward County, Florida, shall be jointly selected by the Board and Affiliated. In the event Affiliated seeks such arbitration and gives notice in writing to the Board of its selection of a person to serve as an arbitrator and the Board fails or refuses within ten (10) calendar days after receipt of said written notice to name an arbitrator or in the event of the inability of the parties hereto to agree on the third member of said body, then and in either of such events, upon the application of either party hereto, either or both such members of said body shall be designated by the senior judge of the Circuit Court in and for Broward County, Florida, one of whom shall be a resident of Florida but not a resident of Broward County, Florida.
"The successor of any such member of such body who is unable to serve because of death or disqualification shall be named by the party having made said appointment.
"The decision of the majority of said body shall be final and conclusive and shall be effective when reported to the Board of County Commissioners at an adjourned meeting, provided that if the said body fails to reach a decision within thirty (30) days after their appointment, said award shall be deemed to have become effective at the expiration of said thirty (30) days and, provided further, that in the event said award is subsequently modified or decreased in whole or in part Affiliated shall forthwith make such refunds or adjustments as may be required to conform to said order, retroactive *907 to the date said order was deemed to have become effective.
"Said arbitration shall be subject to all provisions of the `Florida Arbitration Code' not inconsistent with the methods or procedures hereinabove set out."
In pursuance of the provisions of this paragraph Associated Independents, Inc. filed a petition for a rate increase. A supplement to the petition was filed, and the petition, as supplemented, was denied by the County.
When the rate increase was denied, Associated Independents, Inc., invoked the arbitration provisions of paragraph 11 of the franchise agreement. The County took the initial steps toward arbitration, but then rescinded its action, and instructed its attorney to file a suit in the Circuit Court to determine whether or not the petition for rate increase was sufficient to justify or require it to proceed to arbitration.
The attorney for the County filed an action for declaratory decree. The complaint named John W. Bell, George C. Petersen, H.V. Saxon, Frank C. Adler and J. Herbert Burke, as the Board of County Commissioners of Broward County, Florida; the County of Broward, Florida, a Political Subdivision; and Joseph Easthope, for himself and on behalf of all others similarly situated, as plaintiffs, and Associated Independents, Inc., and Continental Enterprises, Inc., as defendants. The defendants' motion to dismiss this complaint was granted, and an amended complaint was granted. A second amended complaint was then filed and dismissed, on motion of the defendants, without leave to amend. The appeal is from this order of dismissal.
Joseph Easthope was not named as a party in the second amended complaint. It is conceded that he is not a proper party to this appeal. We therefore dismiss his appeal on our own motion.
The second amended complaint raises no question as to the power of the County to submit the fixing of rates to arbitration, its purpose, as we construe it, being to secure a determination of the sufficiency of the petition for rate increase to empower the County to proceed to arbitration under paragraph 11 of the franchise agreement. The question we must answer is whether the lower Court should have made this determination.
The statutory basis for the action under review is found in Sections 87.01, 87.02 and 87.11, Fla.St., F.S.A. The pertinent portions of these sections read as follows:
"87.01 The circuit courts may render declaratory decrees, judgments or orders as to the existence, or nonexistence:
"(1) Of any immunity, power, privilege or right: or
"(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend * * *."
"87.02 Any person * * * whose rights, status, or other equitable or legal relations are affected by * * * any franchise * * * may have determined any question of construction or validity arising under such * * * franchise * * * and obtain a declaration of rights, status, or other legal or equitable relations thereunder."
"87.11 This chapter is declared to be substantive and remedial; its purpose is to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed."
The primary purpose of the declaratory judgment act is to relieve litigants of the common law rule that no declaration of rights may be judicially adjudged unless a right has been violated, for the violation of which rights relief *908 may be granted, and render practical help in ending controversies which have not reached the stage where other legal relief is immediately available. Watson v. Claughton, 160 Fla. 217, 34 So.2d 243. Within the sphere of anticipatory and preventative justice the use of declaratory judgments should be extended, their scope kept wide and liberal, and their boundaries elastic. Sheldon v. Powell, 99 Fla. 782, 128 So. 258.
There is nothing in the declaratory judgment act which forbids its use to determine questions arising out of an arbitration clause. Devenco, Inc. v. Emerson Radio & Phonograph Corp., 12 Misc.2d 949, 174 N.Y.S.2d 132, and it has been frequently used in this connection. E.g., it has been held that an action for declaratory judgment is available to secure a determination as to whether a matter in dispute comes within the scope of an arbitration agreement, Lehigh Coal & Navigation Co. v. Central R. of N.J., D.C., 33 F. Supp. 362; Texoma Natural Gas Co. v. Oil Workers I.U. etc., D.C., 58 F. Supp. 132, 5 Cir., 146 F.2d 62; Devenco, Inc. v. Emerson Radio & Phonograph Corp., supra; to determine the extent of the arbitrators' powers, McKay v. Corporate Properties, Inc., 276 App.Div. 351, 94 N.Y.S.2d 599; to determine the propriety of the method used by arbitrators in fixing valuation, Ruth v. S.Z.B. Corporation, 2 Misc.2d 631, 153 N.Y.S.2d 163; to determine the validity of an award made by arbitrators, United Fuel Gas Co. v. Columbian Fuel Corporation, 4 Cir., 165 F.2d 746; and to determine whether a particular electric generating plant, and transmission line, were a part of the facilities which a municipality had an option to purchase under a franchise agreement, City of Paducah v. Kentucky Utilities Co., Ky., 264 S.W.2d 848. Although none of these cases are exactly in point, they illustrate the broad scope of declaratory actions in determining powers or rights under arbitration agreements.
Under the plain language of the statute, the lower Court has jurisdiction to construe the franchise agreement for the purpose of determining the power or right of the County to enter into arbitration on the matter of rates, and to determine any fact upon which that right or power defended. The sufficiency of the petition for rate increase is patently a fact upon which depended the County's right or power to arbitrate.
In order to actuate jurisdiction under the declaratory judgment act the complaint should allege that there is a bona fide dispute between the parties and that the moving party has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, Local No. 234, etc., v. Henley & Beckwith, Inc., Fla., 66 So.2d 818; Bryant v. Gray, Fla., 70 So.2d 581; Colby v. Colby, Fla.App., 120 So.2d 797, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may defend, Bartholf v. Bartholf, Fla.App., 108 So.2d 905; that plaintiff is in doubt as to the right, status, immunity, power or privilege, Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808, Colby v. Colby, supra; and that there is a bona fide, actual, present need for the declaration, May v. Holley, Fla., 59 So.2d 636. Although the second amended complaint is not a model of pleading, it meets these requirements.
While the granting of declaratory relief lies within the discretion of the Court, and is not a matter of right, North Shore Bank v. Town of Surfside, Fla., 72 So.2d 659, the discretion is not to be exercised in connection with a motion to dismiss a complaint which is sufficient to invoke the Court's jurisdiction, Morecroft v. Taylor, 225 App.Div. 562, 234 N.Y.S. 2; Price v. Rowell, 121 Vt. 393, 159 A.2d 622 (Vt.); Wooldridge Mfg. Co. v. R.G. La Tourneau, Inc., D.C., 79 F. Supp. 908, but is to be exercised when the evidence *909 is before the Court, 26 C.J.S. Declaratory Judgments § 11, p. 73.
The judgment of the lower Court is reversed with directions to deny the motion to dismiss the second amended complaint, and to take such further proceedings as may be necessary to decide this case on its merits.
ALLEN, Acting C.J., and SMITH, J., concur.