397 F.2d 439
 Arthur T. GALT and Maywood Park Trotting Association, Inc., Plaintiffs,
v.
LIBBEY-OWENS-FORD GLASS COMPANY and F. H. Sparks Co., Inc.,
Defendants.
The GEORGE SOLLITT CONSTRUCTION COMPANY, Intervening
Plaintiff-Appellee,
v.
F. H. SPARKS CO., Inc., Defendant-Appellant.
 No. 16589.
 United States Court of Appeals Seventh Circuit.
 June 6, 1968, Certiorari Denied Oct. 28, 1968, See 89 S.Ct.
258.
 
 George V. Bobrinskoy, Jr., Chicago, Ill., Francis X. Conway, New York City, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., Epstein & Conway, New York City, of counsel, for appellant.
 Edward H. Hatton, Jonathan T. Howe, Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel, for appellee.
 Before HASTINGS, SWYGERT and CUMMINGS, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 In April 1967, we held that a dispute between F. H. Sparks Co., Inc. ('Sparks') and The George Sollitt)' was subject Company (Sollitt); and subject to arbitration in accordance with the subcontract between those parties. The basic facts are stated in our earlier opinion and will not be repeated here. See 376 F.2d 711.
 
 
 2
 The claim submitted by Sparks to the three arbitrators were as follows:
(1) Sparks' cost for replacing six lights of glass
 damaged by wind storm (Sparks' invoice dated July
 23, 1955) amounting to .................................. $ 16,847.70
(2) Sparks' cost for the extra work of replacing broken
 lights of glass, protecting the glass and taking other
 precautionary measures (partly covered by invoices
 dated November 9, 1965) amounting to ..................... 143,440.66
(3) Sparks' increasd general office and supervisory
 overhead resulting from the above extra work,
 amounting to .............................................. 23,607.94
(4) Alterations to steel brackets (Sparks' invoice dated
 September 22, 1965) amounting to ............................. 866.25
(5) Unpaid balance on Sparks' Contract with Sollitt,
 amounting to .............................................. 62,093.45
 Total Claims ............................... $246,856.00
 
 
 3
 ) In the arbitration proceedings, Sparks also
 
 
 4
 sought reimbursement for expenses incurred in protecting the glass installed and in the hanging of tarpaulins. With the approval of Sparks, Sollitt's counsel requested the arbitrators to find that it was not responsible for the glass breakage at Maywood Park, Illinois.
 
 
 5
 Arbitration proceeded in Chicago from May 22 to May 25, 1967, and resulted in the following May 31, 1967, award:
 
 
 6
 '1. GEORGE SOLLITT CONSTRUCTION COMPANY, hereinafter referred to as SOLLITT is not responsible in any way for breakage of glass at the Maywood Park Race Track.
 
 
 7
 '2. In accordance with the items set forth in the Demand for Arbitration of F. H. SPARKS CO., INC., hereinafter referred to as SPARKS, dated May 31, 1966:
 
 
 8
 "Item 1 Granted-- $16,847.70
 Item 2 Denied
 Item 3 Denied
 Item 4 Granted-- 866.25
 Item 5 Granted-- 62,093.45
 ----------
 $79,807.40
 
 
 9
 '3. The amount of TWENTY THOUSAND ONE HUNDRED NINETY TWO DOLLARS AND SIXTY CENTS ($20,192.60) should be paid for protection and hanging tarpaulin.
 
 Accordingly, WE AWARD as follows:
 
 10
 '1. SOLLITT shall pay to SPARKS the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00). * * *'
 
 
 11
 Shortly thereafter, Sparks filed a motion below to confirm the award pursuant to Section 9 of the Federal Arbitration Act (9 U.S.C. 9). Subsequently, Sollit filed a motion for an order compelling Sparks and Sollitt to sumit to the same three arbitrators the question whether the payment clause of the subcontract between Sollitt and Sparks was within the arbitration clause of the subcontract.[1] Sollitt's motion also provided that if the arbitrators found the payment clause subject to arbitration, then they should proceed to determine the question whether Sparks was entitled to receive the amount of the award from Sollitt before Sollitt received it from the owner, the Arthur T. Galt Building Trust.
 
 
 12
 After a hearing on the matter, the District Court decided that it was uncertain whether the arbitrators had considered whether the payment clause was subject to arbitration under the arbitration clause and therefore granted Sollitt's motion and referred the above two questions to them. In separate letters, the three arbitrators answered these questions, and the District Court justifiably interpreted their responses as a finding by the arbitrators that the payment clause of the subcontract was not within the purview of the arbitration clause, so that the arbitrators concluded they were without jurisdiction to decide any questions arising out of the payment clause. Thereupon, the District Court confirmed the award but reserved for its own decision 'all questions arising out of the 'payment clause', including the enforcibility of said arbitration award, the times, manner and payment of said arbitration award and interest due on said arbitration award.' Pursuant to Section 1292(b) of the Judicial Code (28 U.S.C. 1292(b)), the District Court certified that an interlocutory appeal was justified and this Court granted leave to appeal. The question of appealability was considered here at that time, and we adhere to that ruling that the interlocutory appeal tests were satisfied. Cf. Kraus v. Board of County Road Commissioners, 364 F.2d 919 (6th Cir. 1966).
 
 
 13
 The initial award of the arbitrators did not mention the payment clause, even though it had been relied upon by Sollitt before the arbitrators. Our examination of the relevant portions of the transcript of the arbitration proceedings convinces us that the arbitrators did not intend to determine the validity and applicability of the payment clause. After the award was rendered, Sollitt and Sparks disagreed whether the arbitrators had considered the effect of the payment clause.
 
 
 14
 After the release of our first opinion herein, the Supreme Court confirmed our view that controversies of this type are subject to arbitration under the United States Arbitration Act of 1925 (9 U.S.C. 1-14). See Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270. Section 10 of that statute empowers district courts to vacate awards and direct rehearings by the arbitrators where a mutual, final, and definite award was not made if the time for rendering the award had not expired. Because the award did not mention the payment clause, even though that was one of the defenses presented to the arbitrators by Sollitt, the award was not definite within the meaning of Section 10(d) of the Act. Therefore, the court was warranted in remanding the payment clause questions to the arbitrators. It was entirely appropriate for the District Court to let the arbitrators explain whether they had interpreted the payment clause. This method commendably avoided any judicial guessing as to the meaning of the award. See La Vale Plaza, Inc. v. R.S. Noonan, Inc., 378 F.2d 569, 573 (3d Cir. 1967). It did not constitute a judicial invasion of the arbitrators' province but rather served to give the parties what they bargained for-- a clear decision from the arbitrators.
 
 
 15
 Questions of arbitrability are initially for the arbitrators (Food Handlers Local 425, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO v. Pluss Poultry Inc., 260 F.2d 835 (8th Cir. 1958)) and will not be disturbed if there is any basis therefor. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270; see also Sections 10 and 11 of the Federal Arbitration Act (9 U.S.C. 10 and 11). Regardless of our views of the meaning of Article 21, the arbitrators could construe its limitation to disputes arising 'in connection with the performance of this agreement' as precluding consideration of a clause dealing with payment. Cf. Ballantine Books Inc. v. Capital Distributing Co., 302 F.2d 17, 22 (2d Cir. 1962); Liberty Products Corp. v. H. K. Ferguson Co., 90 F.Supp. 673, 675 (E.D.N.Y. 1950). Therefore, it was proper for the court below to confirm the arbitrators' jurisdictional determination.
 
 
 16
 The order confirming the award but reserving certain questions for judicial decision is affirmed.[2]
 
 
 
 [1]
 The payment clause provided as follows: 'It shall be a condition to said payment to the Subcontractor that, from time to time as may be required by the General Contractor, said Subcontractor shall furnish to the General Contractor waivers of lien and satisfactory statements in writing, verified by affidavit, of the names of all parties furnishing materials and labor, and the amounts due and to become due each. It is further understood that the amounts paid from time to time shall be out of funds received from the Owner, and in proportion to amounts allocated by the Owner for the work included herein, as and when the value of the work or materials furnished is accepted.' The arbitration clause provided:
 'ARTICLE 21. Both parties to this agreement hereby agree to be bound by the provisions of record in the American Institute of Architects and on file in the nearest Chapter of the American Institute of Architects, for arbitration of disputes which may arise in connection with the performance of this agreement.'
 
 
 [2]
 While there was no appeal from the order of remand to the arbitrators, affirmance of the later order necessarily indicates approval of the interrelated remand order. We are not deciding the question raised about interest on the award, for the trial court has not yet passed upon it