**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1580**

_____

THE HENRY M. JACKSON FOUNDATION FOR THE ADVANCEMENT OF
MILITARY MEDICINE, INC.,

              Plaintiff - Appellant,

        v.

NORWELL, INC.,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:14-cv-01067-RWT)

_____

Submitted:  November 26, 2014        Decided:  January 8, 2015

_____

Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael J. Schaengold, Melissa P. Prusock, GREENBERG TRAURIG,
LLP, Washington, D.C., for Appellant.  Marc S. Hines, HINES
CARDER, Costa Mesa, California, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Henry M. Jackson Foundation for the Advancement of Military Medicine, Inc. ("Foundation"), appeals the district court's order denying its request to partially vacate or modify a March 2014 arbitral award, granting summary judgment to Norwell, Inc., and confirming the award. We affirm.

On appeal from the district court's evaluation of an arbitral award, we review the district court's decision to confirm the award de novo. Raymond James Fin. Servs., Inc. v. Bishop, 596 F.3d 183, 190 (4th Cir. 2010). "Judicial review of an arbitration award in federal court is substantially circumscribed." Three S Del., Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (internal quotation marks omitted). In fact, "the scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." MCI Constructors, LLC v. City Of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010) (internal quotation marks omitted). "In order for a reviewing court to vacate an arbitration award, the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal

2

Arbitration Act (the "FAA") or one of certain limited common law grounds." Id.

The grounds specified in the FAA are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct . . . ; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a) (2012).

"The permissible common law grounds for vacating such an award include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." MCI Constructors, 610 F.3d at 857 (internal quotation marks omitted).[*] Under this court's precedent, "a manifest disregard of the law is established only where the "arbitrator understands and correctly states the law,

---

[*] In the wake of the Supreme Court's decision in Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008), this court has recognized that considerable uncertainty exists "as to the continuing viability of extra-statutory grounds for vacating arbitration awards." Raymond James, 596 F.3d at 193 n.13. Nevertheless, this court has recognized that "manifest disregard continues to exist" as a basis for vacating an arbitration award, either as "an independent ground for review or as a judicial gloss" on the enumerated grounds for vacatur set forth in the FAA. Wachovia Secs., LLC v. Brand, 671 F.3d 472, 483 (4th Cir. 2012).

3

but proceeds to disregard the same." Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 235 (4th Cir. 2006) (internal quotation marks and alterations omitted). Merely misinterpreting contract language does not constitute a manifest disregard of the law. Id. An arbitrator may not, however, disregard or modify unambiguous contract provisions. Id. "Moreover, an award fails to draw its essence from the agreement if an arbitrator has based his award on his own personal notions of right and wrong." Id. (internal quotation marks omitted). "In such circumstances, a federal court has no choice but to refuse enforcement of the award." Id. (internal quotation marks omitted).

After review of the record and the parties' briefs, we conclude that the Foundation fails to establish reversible error in the district court's confirmation ruling. We reject the Foundation's claim of error, raised for the first time on appeal, concerning the district court's construction of its motion to partially vacate or modify as a motion for summary judgment. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). We reject as without merit the Foundation's contention that vacatur is required because the arbitration panel strayed from the essence of a 2009 agreement in awarding consequential damages to Norwell prohibited by that agreement. See Burson v. Simard, 35 A.3d 1154, 1159 (Md. 2012).

4

We also reject the Foundation's contention that, even assuming that the arbitration panel awarded direct damages, the award still must be vacated because the panel exceeded its authority and manifestly disregarded controlling law by ignoring and failing to apply properly the causation requirement of Maryland contract law.  Contrary to the Foundation's suggestions, an arbitrator need not explain his or her award, Raymond James, 596 F.3d at 191 (citing United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597-98 (1960)), and its argument that the panel reached an erroneous conclusion on proximate cause amounts at best to a claim that the panel committed error in construing the 2009 agreement.  Such an error, however, even if extant, provides no basis for overturning the panel's decision.  Long John Silver's Rests., Inc. v. Cole, 514 F.3d 345, 349 (4th Cir. 2008) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks and alteration omitted)).

We further reject as without merit the Foundation's challenge to the arbitral award premised on the contentions that the panel erred in construing an integration clause in the 2009 agreement in holding enforceable against the parties the terms

5

of a May 2009 email exchange, id., and that the award's conclusions in this regard fail to draw their essence from the agreement. We reject the Foundation's contention that the arbitration panel disregarded the essence of the agreement by "fashioning an entirely novel remedy—including imposing contract terms upon which the parties had never agreed—based on the arbitrators' notions of right and wrong that violates . . . specific contract provisions" as unexplained.

We also reject the Foundation's manifest disregard challenge to the arbitration panel's award to Norwell of both damages and specific performance as breach remedies in this case. The Foundation does not identify any provision of Maryland law preventing the concurrent award of damages and specific performance that the panel ordered here.

We further reject the Foundation's contention that vactur of the panel's award is required because the panel so imperfectly executed its powers that a "mutual, final, and definite award" was not made in this case. Cases addressing this provision have vacated arbitration awards on this ground only when the arbitrator either failed to resolve an issue presented to him or issued an award that was so unclear and ambiguous that a reviewing court could not engage in meaningful review of the award. Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, 500 F.2d 921, 923 (2d Cir. 1974) (ambiguous

6

award); <u>Galt v. Libbey-Owens-Ford Glass Co.</u>, 397 F.2d 439, 442 (7th Cir. 1968) (arbitrators failed to mention a defense presented to them). The Foundation has not suggested that the panel failed to consider an issue put before it and further does not claim that the award is so unclear and ambiguous that this court cannot meaningfully review it. We also reject as lacking in record support the Foundation's contention that the award is "unworkable" in view of the parties' conflicting positions relative to its obligations regarding an existing clinical trial. Nothing in the arbitral award requires the Foundation to continue the trial as it claims. Finally, we reject as without merit the Foundation's remaining extraneous arguments for overturning the award.

Accordingly, because the Foundation fails to establish reversible error in the district court's confirmation of the arbitral award, we affirm its judgment. We deny Norwell's request and motion for the award of attorney's fees, costs, and damages and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7