84 So.2d 916 (1955)
MODERNAGE FURNITURE CORPORATION, a Florida corporation, Appellant,
v.
MIAMI RUG COMPANY, a Florida corporation, Appellee.
Supreme Court of Florida. Special Division B.
November 16, 1955.
Rehearing Denied December 20, 1955.
*917 L.J. Cushman, Broad & Cassel and Lewis Horwitz, Miami Beach, for appellant.
Breslow & Gelb, Miami, for appellee.
HOBSON, Justice.
Appellant, Modernage Furniture Corporation, brought this proceeding below for a declaration of its rights under a contract which it had entered with Miami Rug Company, appellee. The contract, a copy of which was attached to the complaint, commenced with the following recital:
"Whereas, Modernage is engaged in the business, among other things, of operating two retail furniture stores presently located at 1200 Lincoln Road, Miami Beach, Florida, and at Biscayne Boulevard at 38th Street, Miami, Florida,
"Whereas, Miami Rug Company desires to sell rugs and floor coverings in and through said stores, as hereinafter more fully described."
It went on to provide terms and conditions under which the parties would conduct the sale of carpets. Critical provisions of the contract for purposes of this case, are as follows:
"(c) Should Modernage establish a branch of its retail business elsewhere in the State of Florida, it is agreed that Modernage will extend to Miami Rug Company the privilege of first refusal to operate a carpet and floor covering department in said branch, or branches.
"2. So long as this agreement continues in full force and effect, Miami Rug Company shall have the exclusive right during the term hereof or any renewal period, to sell at retail carpets, rugs or floor coverings in the stores of Modernage and Modernage agrees that it will not compete with Miami Rug Company in the sale of carpets, rugs or floor coverings while this agreement is in full force and effect."
The complaint alleged that the appellant contemplated establishing a store in West Palm Beach and had decided to operate a carpet department of its own in that store; that appellee contends it is entitled to a rental agreement and that appellant cannot operate its own carpet department in the new store; and that a dispute has thus arisen between the parties as to the interpretation of the contract between them, insofar as it involves the operation of such carpet department. A motion to dismiss the complaint for failure to state an actionable claim was granted by the court below and this appeal is taken from final judgment entered consequent thereupon.
*918 In Rosenhouse v. 1950 Spring Term Grand Jury, Fla., 56 So.2d 445, we approved the following statement made by the Supreme Court of Alabama:
"`The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.'" 56 So.2d 445, at page 448.
Thus as we view the case the only question presented on this appeal is whether or not a bona fide doubt as to construction of the contract, of a character sufficient to activate the processes of the court under our declaratory judgment statute, was shown to exist.
The statutory sections with which we are here concerned read, where pertinent, as follows:
"87.02 Power to construe, etc.

"Any person * * * who may be in doubt as to his rights under a * * contract * * * may have determined any question of construction or validity arising under such * * * contract * * *, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder."
"87.03 Before breach

"A contract may be construed either before or after there has been a breach thereof."
The provisions of the contract which we have outlined above are in conflict. The "privilege of first refusal" clearly implies, as appellant contends, not a prohibition against the operation by Modernage of its own carpet department but rather that if a third party were to apply for such privilege it would first be offered to the Miami Rug Company. The "exclusive right" granted the Miami Rug Company in the succeeding paragraph, however, appears to prohibit Modernage from operating its own branch. This latter provision might clearly be controlling were it not for the preamble which we have reproduced above, which refers to the two stores which were operated in Miami by Modernage when the contract was entered.
Appellant takes the position that the "exclusive right" of Miami Rug Company to sell rugs in Modernage stores was intended to apply only to the two Miami stores referred to in the contract, and that stores to be subsequently established by Modernage were not within the contemplation of the parties. We can see in the conflict of these provisions the "dispute" alleged in the complaint and can understand that appellant might well have been in doubt as to its rights under this contract. Such provable doubt is sufficient, in our opinion, to bring the case within the quoted statute. It follows that the judgment appealed from should be and it is hereby reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.