122 So.2d 48 (1960)
F. Marion PLATT et ux., Appellants,
v.
GENERAL DEVELOPMENT CORPORATION et al., Appellees.
No. 1774.
District Court of Appeal of Florida. Second District.
July 1, 1960.
Rehearing Denied July 29, 1960.
*49 Joe A. Cowart, Jr., Cocoa, for appellants.
Williams & Salomon, Miami, Maguire, Voorhis & Wells, Orlando, Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, for appellees.
MOODY, JAMES S., Associate Judge.
This is an interlocutory appeal by F. Marion Platt and wife, Lorena Platt, defendants below, from an order denying motion to dismiss the amended complaint filed by General Development Corporation and Melbourne Ranches, Inc., plaintiffs below, seeking a declaratory decree under Chapter 87, Florida Statutes of 1959, F.S.A. The question for determination is whether a cause of action is stated for consideration under this statute.
The defendants as owners entered into an agreement termed a lease and option with one George Farkas, granting to the latter a 20-year lease beginning April 15, 1955, at a specified annual "rent" together with an option during the 20-year period to purchase the property for a specified amount but reserving to the lessors the exclusive use of said property "for the full term of the lease". The lease provided that upon the option being properly exercised the lessors would execute a warranty deed with certain reservations, any reservation as to possession not being mentioned. In connection with the lease-option agreement a short form lease option agreement was executed for recordation providing for a 20-year lease "unless said term shall be sooner terminated in accordance with the provisions of said original lease and option agreement". Both of said agreements were assigned to plaintiff, Melbourne Ranches, Inc., who thereafter on January 15, 1959, entered into a sales agreement with plaintiff General Development Corporation, to sell its interest in said agreements to the latter. A payment was made on said sales agreement and other monies expended by General Development Corporation thereunder. The latter then notified the defendants that pursuant to said sales agreement it "will acquire ownership of the lease and option to purchase and will exercise the option to purchase." Thereupon defendants advised General Development Corporation it would not surrender possession until the expiration of the 20-year period provided for in the lease. Plaintiffs contend the lease terminates upon the proper exercise of the option and at that time they will be entitled to possession. The defendants contend the proper construction of the agreement is that the lease and possession run for the full 20-year period and "rent" is payable for the full term irrespective of when the option is exercised. Plaintiffs request a declaratory decree as to the proper construction of said long and short form agreements.
Defendants' basic argument here is that General Development Corporation might not conclude the purchase of the lease option agreement or even exercise the option; that no present right is involved; that the question is too speculative and uncertain as to future contingencies; that it is but a mere abstract question which may never arise and therefore does not present a justiciable controversy.
*50 Chapter 87, Florida Statutes of 1959, F.S.A., provides in part that any person who may have a doubt as to his rights under a contract may obtain a declaration of such rights by the Court either before or after there has been a breach. The declaratory judgment act as passed by the Legislature of this State in 1943 is broader in its terms than the original act and similar acts in other states. It is also broader than the uniform declaratory judgments act specifically providing in Section 87.05 as follows:
"any declarataory decree * * * may be given or made by way of anticipation with respect to any act not yet done or any event which has not yet happened * * *."
Appellants in their brief have cited a number of cases enunciating the general principle that there must be a justiciable controversy between the parties and that the Court will not grant relief where no present right is involved and where the matters are contingent, uncertain or rest in the future and may never arise. These cases cited may be generally classified as pertaining to future conditions or contingencies outside the control of the parties and as to which the moving party has no assurance as to the happening of such contingencies.
The test of the sufficiency of a complaint is not whether the plaintiff will succeed in obtaining a declaratory decree of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445. The essential elements of such a proceeding are set forth in May v. Holley, Fla. 1952, 59 So.2d 636, 639:
"* * * it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest [sic] are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity."
In Ready v. Safe Way Rock Co., 157 Fla. 27, 24 So.2d 808, 811, it is stated that such a proceeding is proper "where * * * litigation * * * seems unavoidable." Therein "justiciable matters" as the basis for a declaratory decree are deemed comparable with an "actual controversy." However, it is pointed out there need not exist an actual present right of action but that the appearance of "ripening seeds of a controversy" is sufficient and that the ripening seeds of a controversy appear where claims of the several parties in interest are present and indicative of threatened litigation in the immediate future which seems unavoidable even though the differences have not reached the state of an actual right of action.
It would appear that the courts have permitted proceedings for a declaratory decree in those instances where there is a bona fide question as to the proper construction of a contract where the moving party has control of the facts or conditions yet undetermined even though certain conditions of the contract have not been fulfilled. This is in conformity with Section 87.05, supra, authorizing relief "with respect to any act not yet done or any event which has not yet happened."
In the instant case plaintiff alleged that it notified the defendant that it "will acquire *51 the ownership of the lease and option to purchase and will exercise the option." This is a more positive allegation of a present right to a determination of the construction of the contract than in other cases heretofore approved by the Florida Courts. Thus in Modernage Furniture Corp. v. Miami Rug Company, Fla. 1955, 84 So.2d 916, 917, the plaintiff requested relief by declaratory decree to construe the terms of the contract alleging that it "contemplated establishing a store." In James v. Golson, Fla., 92 So.2d 180, 181, the plaintiff requested a declaratory decree as to her rights to a liquor license upon the termination of a written lease, the assignee of the lessee holding over after the expiration of said lease. The complaint alleged that defendant had "declared his intent to refuse, even upon a termination of his tenancy to re-transfer the license to her, unless he was reimbursed for his outlay." In Florida National Bank v. Rector, etc., of St. Johns Parish, Fla. 1950, 45 So.2d 751, the complainant brought a proceeding for declaratory decree against the trustees under two wills to adjudicate the question of whether plaintiff could enter into a certain proposed contract without jeopardizing any of its rights under the terms of the respective wills, alleging that if such a contract is entered into "the trustee * * * would immediately refrain from making further payments."
We feel that the plaintiffs' case at bar shows an ample basis of a bona fide dispute as to the construction of the agreements involved. The fact that a controversy has not fully matured is not always essential. We can see the conflict in the provisions in the long form and short form lease and can understand that the plaintiffs might well have been in doubt as to their rights under the contracts under the facts alleged. It follows that the judgment appealed from is hereby affirmed.
ALLEN, C.J., and SHANNON, J., con-