169 So.2d 526 (1964)
L.M. HANKINS, a widow, and N. Lee Talbott, unmarried, Appellants,
v.
TITLE AND TRUST COMPANY OF FLORIDA, a corporation, St. Regis Paper Company, a corporation, and the Barnett National Bank of Jacksonville, a banking corporation, as escrow agent, Appellees.
No. F-397.
District Court of Appeal of Florida. First District.
December 10, 1964.
*527 Barton & Burwell, Gainesville, for appellants.
Marks, Gray, Yates, Conroy & Gibbs, and Gerald Bard Tjoflat, of Mahoney, Hadlow, Chambers & Adams, Jacksonville, for appellees.
CARROLL, DONALD K., Acting Chief Judge.
The plaintiffs in a suit for a declaratory decree and other relief have taken this interlocutory appeal from an order entered by the Circuit Court for Clay County dismissing their second amended complaint but with leave to file a further amended complaint against one of the three defendants only. The question before us in this appeal is whether the said order was properly entered in the light of the rules applicable to declaratory judgment proceedings.
The essential allegations of the plaintiffs allegations are, briefly stated, as follows: That the plaintiffs, a Mrs. Hankins and her daughter, after negotiations taking place prior to December, 1952, entered an agreement with the defendant St. Regis Paper Company under which they agreed to sell, and St. Regis agreed to buy all lands the legal title to which was held by Mrs. Hankins and which were located in a specified area of Clay County, Florida. That, instead of requesting Mrs. Hankins to furnish a list of all such properties to which she held legal title, St. Regis undertook to copy the description of all properties listed in her name upon the tax rolls of Clay County, including many land parcels that had, unknown to St. Regis' agents, been previously conveyed to other parties by Mrs. Hankins  which error she did not detect. That the same list of land parcels was used in an option agreement for the sale and purchase of the lands and in a timber agreement for the sale and purchase of timber, both of which agreements were entered into between Mrs. Hankins and St. Regis on or about December 31, 1952.
The plaintiffs in their said complaint further allege: That under a provision of the said timber agreement Mrs. Hankins was required, at her expense, to secure the issuance of title insurance by the defendant title insurance company, so she applied for such a policy in the amount of $300,000, naming her and St. Regis as the beneficiaries therein "as their interests may appear." That the said title insurance company refused to issue title insurance upon the lands involved until and unless all payments under the said timber agreement were made to the defendant bank as escrow agent, and further required her to enter into an indemnifying agreement with it, the title insurance company. That thereupon Mrs. Hankins and St. Regis on or about March 31, 1953, entered into an agreement to amend a paragraph of their said timber agreement, under which amendment the balance due upon the purchase price in the amount of $198,000 was to be paid as follows: $70,000 to be paid between January 2 and 10, 1954 (which amount was properly paid to Mrs. Hankins), and the sum of $16,000 was to be paid on or before December 30 of the eight successive years to the defendant bank as escrow agent (such payments being made for the eight successive years of 1955 to 1962, inclusive).
The said complaint further avers: That, as demanded by the said title insurance company, Mrs. Hankins and that company on or about March 31, 1953, entered into an indemnifying agreement. That among its many provisions is one that, upon receipt by the defendant bank of every payment under the said timber agreement as amended, the said bank shall hold and refrain from delivering the money to Mrs. Hankins until it shall have notified the defendant title insurance company in writing concerning the payment and shall have obtained from the latter company a written release of any claim it may have against the said funds.
Finally, the plaintiffs allege in their said complaint: That the defendant title insurance *528 company has suffered no loss by virtue of its said policy, yet it has asserted a claim to the entire sum of $153,000 which the defendant bank holds as escrow agent. That the claims of third parties to some of the land involved could not exceed $25,000, and so the bank should release to Mrs. Hankins no less than $125,000.
The plaintiffs pray in their second amended complaint for the following relief: declaratory relief as to the construction of the said indemnifying agreement; reformation of the said option agreement, a deed executed by Mrs. Hankins to St. Regis in pursuance of such option agreements, and the said timber agreement, in which instruments, there were mutual mistakes of fact with respect to descriptions of the property involved; for temporary restrictive and mandatory relief against the defendant bank; for declaratory relief as to the extent of Mrs. Hankins' liability, if any, under the said indemnification agreement and the validity of the title insurance company's claim upon the said escrow funds; and for other relief as the court may deem mete and proper.
To the above second amended complaint the defendant St. Regis filed a motion to dismiss "because it fails to state a cause of action upon which relief can be granted against this Defendant." The defendant title insurance company filed a similar motion, while the defendant bank filed an answer, Counter-Claim, and Cross-Claim. Incidentally, yet significantly, the bank in its counter-claim and cross-claim, states, with reference to the demands of Mrs. Hankins and the title insurance company, that it, the bank "is in doubt as to which demand is appropriate under the terms of said Indemnifying Agreement, or as to how it should proceed to disburse the funds now held by it." In the said pleading the bank's first prayer is that the court construe "the terms of the said Indemnifying Agreement and instruct the bank as to the proper disbursement of the $153,000 now held by it. * * *"
In the order appealed from herein the Circuit Court granted the motion filed by the defendant St. Regis to dismiss the second amended complaint but allowed the plaintiffs 30 days within which to file a further amended complaint against the said defendant only. In the said order the court also dismissed without prejudice to the plaintiffs the cause as to the defendant bank and the defendant title insurance company.
Under the Florida Rules of Civil Procedure a pleading which sets forth a claim for relief, such as in a complaint, "must state a cause of action, and must contain allegations of fact sufficient to show the jurisdiction of the court." (Rule 1.8(b), 30 F.S.A.) In actions other than declaratory judgment proceedings, under the just-quoted rule the test of the sufficiency of a complaint is whether, if the factual allegations of the complaint are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant.
A different rule, however, uniquely applies in declaratory judgment proceedings. All of the appellate courts of Florida have recognized the rule that in such proceedings the test of the sufficiency of the complaint is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. See Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla. 1952), Modernage Furniture Corp. v. Miami Rug Co., 84 So.2d 916 (Fla. 1955), North Shore Realty Corp. v. Gallaher, 99 So.2d 255 (Fla.App. 1957), Bartholf v. Bartholf, 108 So.2d 905 (Fla.App. 1959), Platt v. General Development Corp., 122 So.2d 48 (Fla.App. 1960), and Jackson Tom, Inc. v. Carlton, 133 So.2d 752 (Fla.App. 1961).
In the last-cited case this court held that a complaint, containing allegations analogizable to those in the instant complaint, *529 stated a cause under the declaratory judgment statute. In that case the complaint alleged that the plaintiffs had entered into a written agreement with the defendants under which the plaintiffs were granted an option to purchase certain property, that they exercised the option but the defendants refused to deliver a deed because of a dispute as to the form and provisions of the mortgage required to be delivered them, and praying that the court enter a decree determining the rights of the parties or that, in the alternative, the agreement be reformed to conform to the parties' understanding.
The second amended complaint under consideration in the present appeal was undoubtedly filed pursuant to the Florida Declaratory Judgments Act (Chapter 87, Florida Statutes). Section 87.01 vests the circuit courts of this state with the power and original jurisdiction, upon a filed complaint, to declare rights, status, and other equitable relations. That section provides that any person, in addition to praying for a declaration, may pray for "additional, alternative, coercive, subsequent or supplemental relief in the same action." Section 87.02 provides that any person "claiming to be interested or who may be in doubt" as to his rights under a deed, will, contract, or other instrument may obtain a declaration of rights, status, or other equitable or legal relations thereunder.
Section 87.10 provides that, when declaratory relief is sought, "all persons may be made parties who have or claim any interest which would be affected by the declaration * * *."
Applying the foregoing statutory provisions to the second amended complaint in the case at bar, we think that the plaintiffs' allegations therein are sufficient to invoke the jurisdiction of the Circuit Court under the Declaratory Judgments Act. They clearly allege that they are interested and are in doubt as to their rights under the several agreements, especially the indemnification agreement. The allegations further show that each of the three defendants has or claims an interest which would be affected by the declaration. In fact, we doubt that the court could make a complete and effective declaration of rights without all three of the defendants remaining as parties.
We hold, therefore, that the complaint before us should have been sustained against all three defendants. In so holding, of course, we do not concern ourselves with the question whether the complaint shows that the plaintiffs will succeed in getting a declaration of rights in accordance with their theory and contention, for that is an irrelevant consideration under the rules established in Florida, as discussed above.
Accordingly, the order appealed from is reversed and the cause is remanded with instructions for further proceedings consistent with the views herein expressed.
Reversed and remanded with instructions.
RAWLS, J., and BEN C. WILLIS, Associate Judge, concur.