HENDRY, Chief Judge.
This is an appeal by the plaintiff, Trail Burger King, Inc., from an order of the circuit court in a suit for declaratory decree.
The controversy centers around the agreement entered into between the defendant, Burger King of Miami, Inc., and one Martin Stelboum on July 15, 1958. Mr. Stelboum assigned the agreement to the plaintiff which was approved by the defendant on March 18, 1963. In 1964, the defendant changed certain standards and specifications which included an increase in the quantity of meat to be used in making hamburgers. On March 19, 1965, the plaintiff received a letter from the defendant in which certain violations of the agreement were alleged, and the plaintiff given thirty days to cure the violations or the agreement would be terminated. The alleged violations were: deliberate sale of hamburgers containing less meat than specifications require; refusal to provide adequate condiments on tables; refusal to provide background music; refusal to paint building; *57 •premises untidy and/or dirty; refusal of right of Burger King representatives to •conduct inspections; and, use of unauthorized drink dispenser.
Plaintiff filed a complaint in which it •was alleged that defendant threatened to ■ disenfranchise it from a valuable property right, and that it was in doubt as to whether ■ or not the violations enumerated in defendant’s letter were actual violations, and whether the alleged violations constituted a breach of the agreement between the parties. Plaintiff requested the chancellor to declare its rights, status and relationship with the defendant under the agreement, .and remove the doubts, insecurities and uncertainties which plague plaintiff in regard to defendant’s threatened termination of ■plaintiff’s valuable property right. A copy -of the agreement was attached to the complaint. An amended complaint was filed ■which amplified plaintiff’s original allegations.
Following a motion for a judgment on the ■pleadings, the chancellor found that there was no question of fact to be determined and decreed: that the defendant has the right under its agreement with plaintiff to set and maintain standards and specifications for the operation of plaintiff restaurant and to make reasonable changes in such standards and specifications from time to time as circumstances may dictate; that ■defendant has the right to enforce such ■standards and specifications; that plaintiff -is not required to provide background ■music; that defendant has the right to make reasonable inspections; and that plaintiff is required to conform to the standards of cleanliness and sanitation set by the ■defendant which would include keeping the paint in good condition.
The plaintiff alleges that the chancellor •erred in entering a decree on the pleadings where its complaint, as amended, states a ■good cause of action. The plaintiff also •contends that the chancellor erred in finding that the defendant could change standards and specifications in regard to the operation of the restaurant in the absence of plaintiff’s consent. It is further alleged that it was error to refuse to set a super-sedeas bond.
This court has stated that in a hearing on a motion for a decree on the pleadings “all well pleaded material allegations of the opposing party’s pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. * * * judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment.” [1]
Plaintiff in its complaint has pleaded the agreement between the parties and relies upon it. The merits of this case can be determined as a matter of law from the pleadings and the agreement. Therefore, the chancellor was correct in entering a decree on the pleadings.
Those portions of the agreement which relate to the standards and specifications are summarized as follows:
“8. (a) Licensee hereby agrees not to deviate from the formulas or specifications of materials and standards of cleanliness or sanitation set and maintained by Burger-King of Miami, Inc. in the operation of this business. * * *
“(c) To insure uniformity, the recommended menu and prices which are subject to change, for products to be sold under this license are as follows: * * other items to be agreed upon by the parties by letter as Company approves.
“(d) Upon the execution of this agreement, the Company has furnished to licensee lists of equipment and inventory, signs and operational data, for the operation of ‘Burger-King’ business to be operated by licensee. Licensee specifically *58 agrees at all times to conform to the building clause, the equipment and the signs as presently existing, and to make no changes or substitutions without the written consent of the Company first had and obtained.
“(e) Licensee specifically agrees to sell milk shakes under formulas prescribed by Company, which at the present time are produced by Sami-Shake machines, without less than nine (9) ounces per twelve (12) ounce paper cup, from a milk shake mix which contains a minimum content of 4.2% butter fat, or such other mix as may be approved in writing by the Company, and with respect to the formula for production of hamburgers, cheeze-burgers, Whopper-Burgers, Whopper-Hamburgers, and Whoppers, the meat used shall meet the specifications of the Company as to quality and as to size for the respective types of sandwich.”
In construing á contract, the intention of the parties must be ascertained from the language used in the instrument and the objects to be accomplished; and unless clearly erroneous the construction placed upon a contract by the chancellor should be affirmed.[2]
The plaintiff argues that any changes in standards and specifications in the operation of its restaurant from those in existence at the time of the execution of the agreement would be a modification or amendment thereto. It is also argued that since the agreement provides for modification and amendment only by the written consent of both parties, the chancellor erred in allowing the defendant to make reasonable changes from time to time as circumstances may dictate.
We have found that the chancellor was correct in determining that such changes are not modifications or amendments to the agreement, but were provided for in the agreement. It is clear from the language of the instrument that one of the objects is to provide uniformity among all franchised “Burger-King” restaurants. A review of the clauses of the agreement summarized above reveals that this uniformity is accomplished by providing that the defendant set and maintain standards and specifications which the plaintiff must follow or suffer termination of the agreement. The chancellor has interpreted the agreement in accordance with the natural and' ordinary meaning of the language employed.
We have also determined that the chancellor did not abuse his discretion in-refusing to set a supersedeas bond.
Accordingly, the decree appealed is affirmed.
Affirmed.

. Paradise Pools v. Genauer, Fla.App.1958, 104 So.2d 860, 861; See also: 2 Moore’s Federal Practice 2d ed., 2269.

. Clark v. Clark, Fla.1955, 79 So.2d 426; Hall v. Hall, Fla.App.1961, 135 So.2d 432.