188 So.2d 872 (1966)
A.R. KICKLITER, Jr., and Credit Bureau of Escambia County, Inc., a Corporation, Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY, a Corporation, and Mack Financial Corporation, a Corporation, Appellees.
No. H-257.
District Court of Appeal of Florida. First District.
July 26, 1966.
Rehearing denied August 23, 1966.
*873 Frank C. Bozeman, of Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, for appellants.
Wallace W. Kennedy, of Beggs, Lane, Daniel, Gaines & Davis and Levin, Askew, Warfield, Levin & Graff, Pensacola, for appellees.
WIGGINTON, Acting Chief Judge.
Appellants, who were plaintiffs in the trial court, have appealed a final judgment dismissing their amended complaint brought pursuant to F.S. Chapter 87, F.S.A., by which they seek a decree construing a policy of liability insurance in which they are the named insureds, and declaring the rights accruing to them under such policy.
The motion to dismiss the complaint was upon the ground that it failed to state a cause of action upon which the relief prayed may be granted, or to allege facts which would being the risk of loss complained of within the coverage of the insurance policy sued upon. In the order dismissing the complaint the chancellor found that the amended complaint does not state a cause of action for the reasons stated by the court in its order of July 9, 1965, dismissing the original complaint filed in the cause. The court's order of July 9, 1965, is not included in the record on appeal so we do not have the benefit of the reasons on which the chancellor relied in rendering his judgment of dismissal. In this respect we are relegated to the arguments advanced by counsel in support of their respective positions.
At the outset we are impelled to observe that no dispute exists between the parties as to the propriety of the action under the declaratory relief statute. Since the complaint states grounds for a judicial declaration of plaintiffs' rights under a written contract, the obligation of the chancellor was to hear the case on its merits and render a final decree declaring the rights of the parties under the contract sued upon. The fact that from the complaint the chancellor concluded as a matter of law that the plaintiffs could not prevail on the facts alleged and under the theories of law on which they rely does not justify a dismissal of the action unaccompanied by a judicial declaration of the rights asserted by plaintiffs in their complaint.[1] However, since neither party has raised the impropriety of the procedure followed in this case, no further reference thereto will be made, nor will this irregularity be considered in determining the merits of the appeal.
The essential facts alleged in the complaint on which appellants predicate their right to relief may be summarized as hereinafter set forth. Appellants are the named insureds in a certain comprehensive automobile liability insurance contract issued by appellee National Union Fire Insurance Company, a copy of which is attached to the complaint as an exhibit. During the term of the policy a motor vehicle which the corporate appellant, Credit Bureau of Escambia County, had repossessed under a contract with appellee, Mack Financial Corporation, was involved in an accident either while being repossessed by one or both *874 of the named insureds, or while being maintained or used in connection with resale following such repossession. As a result of the accident, the motor vehicle owned by Mack was destroyed. Mack instituted an action at law against appellants alleging that while in possession of the motor vehicle, and while undertaking to deliver it to Mack, appellants operated it in such a negligent and careless manner as to cause it to be destroyed. Appellants thereupon made demand on appellee National to defend the action on their behalf under the terms of the liability insurance policy issued to them. Such request was denied on the ground that the policy did not afford coverage to appellants under the circumstances of the case. The action sub judice was instituted for the purpose of seeking a judicial declaration holding that coverage is afforded appellants under the terms of the insurance policy sued upon, and that National is obligated thereunder to defend the action brought by Mack, and to indemnify appellants against any loss for which they may be legally obligated to pay as damages arising out of the accident which resulted in destruction of Mack's motor vehicle.
The insurance policy sued upon contains the following provisions pertinent to our consideration of the points presented on appeal, to wit:
"I. * * * Coverage B  Property Damage Liability  Automobile: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance, or use of any automobile.
"III. Definition of Insured: The unqualified word `insured' includes the named insured and also includes * * * (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a nonowned automobile in the business of the named insured. * *"
Under the exclusions section of the policy, it is expressly provided that:
"This policy does not apply: * * * (h) under coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy;"
Among the various endorsements attached to and forming a part of the basic policy is Endorsement No. 6, entitled Repossessed Automobiles. Pertinent portions of this endorsement are as follows:
"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability with respect to an owned automobile applies with respect to any automobile while being repossessed by the named insured, or while being maintained or used in connection with resale following such repossession, subject to the following provisions:
"1. Definition of insured. The unqualified word `insured' does not include any person or organization from whom the automobile has been repossessed.
"2. Exclusion. This endorsement does not apply to any automobile while being used for other business purposes or for personal, pleasure or family purposes."
An examination of the foregoing provisions of the policy reveals that insurance coverage is provided only to one occupying the status of an insured within the definition of that term as stated in the policy. The insuring agreement provides under coverage B pertaining to property damage *875 liability that the insured shall be the named insured, as well as any person while using an automobile owned or hired by the named insured, provided the use of the automobile is by the named insured or with his permission.
From the facts alleged in the complaint it is clear that the destroyed automobile for which damages are sought was not an automobile owned by the insured within the restrictive provisions of the policy. The fact that the damaged vehicle was a nonowned automobile for which no liability coverage is provided becomes immaterial in view of Endorsement No. 6 relating to repossessed automobiles which was issued and became a part of the policy sued upon. This endorsement provides that such insurance as is afforded by the policy for property damage liability with respect to an owned automobile applies with respect to any automobile while being repossessed by the named insured, or while being maintained or used in connection with resale following such repossession. In light of this endorsement the coverage of the policy must be construed in exactly the same manner as would be applicable if the destroyed automobile was one owned by the named insureds and was being used with their permission.
It is appellants' contention that because of the provisions contained in Endorsement No. 6, they as the named insureds are entitled to liability coverage for the damages caused by their negligence while repossessing the destroyed automobile. Such contention would have merit were it not for the exclusionary clause contained in the policy. This clause provides that the policy does not apply under coverage B relating to automobile property damage liability to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured, other than exceptions not material to our consideration. Under this clause of the policy no insurance coverage for property damage liability is afforded even had the automobile involved herein been owned by the named insureds and destroyed while being used with their permission.
Appellants contend that the policy is vague and ambiguous, and that the exclusionary clause referred to above should be held ineffective to exclude property damage coverage under the policy. In support of this position appellants cite this court's decision in National Casualty Company v. General Motors Acceptance Corporation[2] in which we said:
"* * * It is fundamental that insurance policies are construed liberally in favor of the insured and strictly against the insurer to the end that the dominant purpose of indemnity or payment to the insured may be accomplished according to the fair purposes of the contracting parties. * * *"
Appellants also invite our attention to the principle contained in the decision rendered by this court in Michigan Mutual Liability Company v. Mattox[3] in which we held it to be axiomatic that exclusionary clauses contained in insurance policies are to be strictly construed against the insurer.
In order to arrive at a proper construction of the policy provisions here considered, it is helpful to keep in mind that the insurance policy sued upon is one of strict liability in which the insured is protected against the claims of third persons resulting from the insured's negligence in the operation of an owned motor vehicle. The policy does not purport to afford coverage to the insureds for damages they may suffer to vehicles or other property of their own resulting from accident or otherwise. In other words, this is not a policy of insurance affording protection for damages resulting from collision or upset of a motor vehicle *876 owned by the insured. Had such insurance coverage been desired it could have been procured by payment of the premium required therefor.
It seems clear to us from the unambiguous provisions of the policy sued upon that had Mack's automobile been involved in an accidental collision while being repossessed by appellants, resulting in damages to a third party, then the policy would have obligated the insurance company to indemnify the insureds for all sums which they may have been legally obligated to pay as a result of the collision. In the case sub judice, however, Mack's vehicle, for the purpose of insurance coverage, occupies the status of an automobile owned by the insureds. The damages for which they may be legally liable to Mack, having been caused to appellants' own automobile by their own negligence, the loss is specifically excluded from coverage under the policy by virtue of the exclusionary clause quoted above. Under these circumstances the insureds have no coverage under the policy, nor do they have a claim against National for whatever sums they may become obligated to pay Mack for damage to the latter's automobile resulting from their negligence. We arrive at this conclusion by application of those principles of law which provide that the rule of strict construction applicable to exclusionary provisions of an insurance policy is not applicable when the language of the policy is so clear, plain, and unambiguous as to leave no room for construction.[4] The insurance policy involved herein appears to us to be controlled by the foregoing principle when the endorsement on which appellants rely is construed with other provisions of the policy relating to coverage.[5]
The clear intent of the policy is to provide liability insurance for property damages which the insureds may be legally obligated to pay caused by accident arising out of the ownership, maintenance or use of any automobile owned by the insureds, or one hired by them and used with their permission, including any automobile owned by another while being repossessed by the insureds or being maintained or used in connection with resale following such repossession. The intent of the policy seems equally clear that it does not provide insurance coverage for damages suffered by the insureds for injury to or destruction of property owned or transported by them, or property rented to them or in their charge. Since the claim made by Mack against appellants is for destruction of property technically owned or transported by the insureds, the damage falls squarely within the exclusionary clause of the policy and is not covered thereby. Our holding is in harmony with the construction placed by other courts upon similar provisions of insurance policies under factual situations comparable to those present in this case.[6]
The conclusion reached by the chancellor in dismissing the complaint for declaratory relief was correct, and is hereby affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.
NOTES
[1] Hankins v. Title and Trust Company of Florida, (Fla.App. 1964) 169 So.2d 526; Jackson Tom, Inc. v. Carlton, (Fla.App. 1961) 133 So.2d 752.
[2] National Casualty Company v. General Motors Acceptance Corporation, (Fla. App. 1964) 161 So.2d 848, 852.
[3] Michigan Mutual Liability Company v. Mattox, (Fla.App. 1965) 173 So.2d 754.
[4] 18 Fla.Jur., Insurance § 95.
[5] 13 Appleman, Insurance Law and Practice 294, § 7538.
[6] Haenal v. United States Fidelity & Guaranty Co., (Fla. 1956) 88 So.2d 888; State Auto Mut. Ins. Co. v. Connable-Joest, Inc., (1939), 174 Tenn. 377, 125 S.W.2d 490.