**DE LOACH, et ux v. WEISS, et al.**
No. 66-C-9263.
Circuit Court, Dade County.
December 15, 1966 and February 23, 1967.

Leonard G. McNeill, Miami, for the plaintiffs.

Ray Pearson of Frates, Fay, Floyd & Pearson, Miami, for defendant Three Bays Properties #2, Inc.

Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for defendant Gables Estates Club, Inc.

HENRY L. BALABAN, Circuit Judge.

*Order, December 15, 1966:* This cause came on to be heard on the motion of the defendants Three Bays Properties #2, Inc., Gables Estates Club, Inc., and Jay Weiss and Mary Beth Weiss, his wife, to dismiss for failure to state a cause of action for declar-

atory relief, and the court having heard argument of counsel for the respective parties, and being otherwise fully advised in the premises, finds —

Plaintiffs purchased the property in question on August 6, 1964, with full knowledge of the restrictive covenants they are now complaining of.

On April 19, 1966 plaintiffs contracted to sell their property to the defendants Jay Weiss and Mary Beth Weiss, his wife, subject to condition 10 of the contract, plaintiff's exhibit 2, which condition was not satisfied and, therefore, the deal came to naught. Condition 10 required of the prospective purchasers that they be accepted for membership in the defendant Gables Estates Club, Inc.

Restrictive covenants requiring membership in the corporation untainted by religious exclusions are valid. Only when they are tainted by religious exclusions do they become invalid. Harris v. Sunset Islands Property Owners, Inc., 116 So.2d 622, 625 (Fla. 1959).

Accepting the facts as pleaded to be proved, and applying the law to the same, it is clear and undebatable that the plaintiffs are not entitled to the relief prayed for.

In view of the above findings, the defendants' motion to dismiss for failure to state a cause of action for declaratory relief should be granted.

It is, therefore, upon consideration, ordered, adjudged and decreed that defendants' motion to dismiss for failure to state a cause of action for declaratory relief be, and the same is, granted.

*Order, February 23, 1967:* This cause came on to be heard on defendants' motions to dismiss and to strike as sham plaintiffs' first amended complaint for declaratory relief and the court having heard argument of counsel for the respective parties, and being otherwise fully advised in the premises, finds —

1. Plaintiffs filed a complaint for declaratory relief, which was dismissed by order of this court on December 15, 1966, for the reasons therein stated.

2. Plaintiffs, without leave of court, then filed their first amended complaint for declaratory relief containing two new allegations, to-wit — (a) that defendant Gables Estates Club, Inc., is the agent or alter ego of the defendant, Three Bays Properties #2, Inc., and (b) that the prospective purchasers (Weiss,

et ux) were of the Jewish faith and that this was the only reason for excluding them from membership in the club.

The defendants moved to strike said allegations as sham, supporting their motions with affidavits. On a hearing on said motions, the plaintiffs failed to file counteraffidavits to support their said allegations.

3. The test of sufficiency of a complaint in declaratory proceedings is as given in Hankins v. Title and Trust Company of Florida, 169 So.2d 526 (Fla. App. 1964), and R-C-B-S Corporation v. City of Atlantic Beach, 178 So.2d 906 (Fla. App. 1965), and other similar cases.

4. The key issue for determination here is whether the plaintiffs are entitled to a declaration of rights as a preliminary matter. Platt v. General Development Corporation, 122 So.2d 48 (Fla. App. 1960).

The complaint in the case at bar shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not one of defendants is the agent or alter ego of the other and whether or not the prospective purchasers were excluded from membership because of their Jewish faith. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome from a consideration of those two alleged facts.

On these facts taken as a whole, plaintiffs are not entitled to a declaration of rights. Columbia Casualty Co. v. Zimmerman, 62 So.2d 338, 340 (Fla. 1953).

5. In the case at bar, as shown in paragraph 2 hereinabove, even the doubt as to the said two alleged facts has been removed. It follows that plaintiffs are not only not entitled to a declaration of rights as shown in paragraph 4 above, but, in addition, plaintiffs' first amended complaint for declaratory relief is subject to being stricken for sham on the strength and authority of Sarasota Kennel Club v. Shea, 56 So.2d 505 (Fla. 1952), and still further subject to dismissal for failure to state a cause of action, as indicated in the said prior order of this court. Rule 1.110(b), Rules of Civil Procedure, 1967 Revision.

It is therefore, upon consideration, ordered, adjudged and decreed that defendants' motion to strike is granted, defendants' motion to dismiss is granted, and that the complaint is dismissed, with prejudice.