344 So.2d 635 (1977)
William B. MILLS, As Trustee under the Last Will and Testament and Codicils Thereto of Alfred I. DuPont, Deceased, Appellants,
v.
Edward BALL et al., Appellees.
No. DD-241.
District Court of Appeal of Florida, First District.
April 15, 1977.
*636 Arthur W. Milam, John H. Wilbur and Christine Rieger Milton, of Milam & Wilbur, Jacksonville, for appellant.
William L. Durden and Fred H. Kent, of Kent, Sears, Durden & Kent, Jacksonville, for appellees Ball, Belin, Coldewey, Thornton, and Bank.
E. Earle Zehmer, of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellee Dent.
John J. Schickel, Asst. State Atty., for appellee Austin.
Claude Ogilvie, Jacksonville, for appellee The Nemours Foundation.
McCORD, Acting Chief Judge.
This is an interlocutory appeal from an order denying appellant's motion to dismiss. We affirm denial of the motion to dismiss but reverse as to certain rulings of the trial judge contained therein.
This action originally began on August 6, 1971, with the filing on behalf of the trustees under the Last Will and Testament and Codicils thereto of Alfred I. duPont and the Nemours Foundation of a "Petition to Construe Will and to Instruct Trustees." The original petition stated that the suit was filed for the purpose of obtaining a declaratory judgment as to the intent and purpose of the late Alfred I. duPont as to certain matters pertaining to the trust established by the Will. On January 3, 1972, the trial court filed its final judgment dated December 31, 1971, finding (1) that the action was brought under the provisions of the Trust Accounting Law (Ch. 737, Florida Statutes), *637 the Declaratory Judgment Act (Ch. 86, Florida Statutes) and the Florida Charitable Trust Act of 1971 (Ch. 71-256, Laws of Florida); and (2) that the petitioners were the trustees under the trust created by the Last Will and Testament and Codicils thereto of Alfred I. duPont. The court also included the following constructions and directions to the trustees: (1) that the Last Will and Testament and Codicils thereto require the trustees to establish, maintain, and operate a charitable institution, and that a hospital be constructed and maintained as the primary and dominant purpose of that institution; (2) the intention of the testator is that the entire estate of Nemours be used for hospital purposes; and (3) "13. The petitioners may make application for further definition or instructions to implement the construction and instructions contained herein." (Emphasis supplied.)
On June 15, 1976, all of the trustees named in the original petition, except William B. Mills, filed in this cause a "Petition for Further Definition, and for Instructions to Implement Instructions contained in the court's final judgment." Mills did not agree with the position of the other trustees and he was realigned as a party defendant. The Nemours Foundation did not join in the filing of the supplemental petition so it too was realigned as a party defendant. Predicated upon the petition, the trial court entered an ex parte order stating that the allegations of the petition were sufficient under § 86.061, Fla. Stat. (1975), to establish a prima facie case of jurisdiction and directing petitioners to serve (as they did) a copy of the supplemental petition on each of the defendants. Thereafter, appellant Mills filed a Motion to Dismiss the petition and has brought this appeal from the trial court's order denying the motion.
One of appellant's primary contentions is that this action was improperly filed as a continuation of the prior proceeding; rather, it should have been filed as a new proceeding. The trial court ruled otherwise and we agree with such ruling.
In support of his contention, appellant points to § 737.205, Fla. Stat. (1975), which became effective January 1, 1976, and is a part of the Trust Administration Law. It states as follows:
"Proceedings concerning trusts shall be commenced by filing a complaint and shall be governed by the Rules of Civil Procedure."
Appellant also points to § 737.201(2), Fla. Stat. (1975), which provides in part as follows:
"Neither registration of a trust nor a proceeding under this section results in continuing supervisory proceedings."
However, as found by the trial judge in his order, the petition filed by the trustees (all except Mills) "is a petition for supplemental relief based on a declaratory judgment heretofore entered herein and that as such it is filed in accordance with the provisions and permission granted in § 86.061 of the Florida Declaratory Judgments Act."
The trial court further concluded:
"... [T]hat as permitted by the provisions of section 86.101, that the petition appropriately seeks to obtain relief from insecurity and uncertainty with respect to the rights, status and legal relations of the petitioners as trustees of the Alfred I. duPont Testamentary Trust."
§ 86.061, Fla. Stat. (1975), provides as follows:
"Supplemental relief.  Further relief based on a declaratory judgment may be granted when necessary or proper. The application therefor shall be by motion to the court having jurisdiction to grant relief. If the application is sufficient, the court shall require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause on reasonable notice, why further relief should not be granted forthwith."
It should be further noted that § 86.111, Fla. Stat. (1975), provides in part that:
"The existence of another adequate remedy does not preclude a judgment for declaratory relief."
See also, Jacksonville Expressway Auth. v. Duval County, 189 So.2d 837 (Fla. 1 DCA 1966).
*638 Appellees filed their petition for supplemental relief pursuant to the final judgment dated December 31, 1971, in which the trial court specifically said:
"The Petitioners may make application for further definition or instructions to implement the construction and instructions contained herein."
While this proceeding could have been brought as a new action, petitioners had the option to bring it as an application for supplemental relief under § 86.061, Fla. Stat. (1975).
Appellant further contended in his motion to dismiss that the petition fails to state a cause of action because it is an improper attempt to modify the trust in that it purports to change the conditions of the trust and modify the powers given to the trustees, contrary to the explicit instructions of the testator; that the court has no power or jurisdiction to grant the relief requested by the petitioner; and that the court has no power or jurisdiction to grant any relief to petitioners J.C. Belin, T.S. Coldewey, Alfred duPont Dent, and W.L. Thornton, as they are not duly elected and authorized trustees under the terms of the Will and therefore have no standing to be heard by the court. Appellant thus grounded his motion to dismiss in part upon his contentions relating to the merits of the controversy. Because of this, the trial court evidently considered it necessary that he rule upon appellant's contention as to the merits in disposing of the motion to dismiss and he ruled against appellant. Appellant contended below and contends here that he was not prepared at the hearing on his motion to dismiss to present his case on the merits.
Unlike other actions, a motion to dismiss a petition for declaratory judgment does not go to the merits but goes only to the question of whether or not the plaintiff is entitled to a declaration of rights  not to whether or not he is entitled to a declaration in his favor. See Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla. 1952); and Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n Inc., 210 So.2d 750 (Fla. 4 DCA 1968). In spite of the fact that appellant, in his motion to dismiss, raised an issue on the merits, a ruling by the trial court on the merits at that time was premature. A ruling on the merits should not be made until after final hearing where the parties have full opportunity to present evidence in support of their respective positions.
We have considered the remaining questions raised by appellant and find them to be without merit. The order of the trial court is affirmed only insofar as it denies the motion to dismiss and is reversed as to the rulings on the merits contained therein. Said order is therefore quashed, and the cause is remanded for entry of a new order denying the motion to dismiss without ruling at this time upon the merits of the cause.
MILLS and ERVIN, JJ., concur.