PER CURIAM.
The City of Homestead filed suit to enforce Dade County’s alleged duty to assume responsibility for the medical care of indigent patients treated in the municipal hospital. In a multi-count complaint, the City sought declaratory, monetary, and injunc-tive relief predicated upon: (a) the deed by which the County acquired Jackson Memorial Hospital in 1948; (b) a 1967 final decree allegedly construing the County’s responsibilities; (c) state statutes; and (d) negligence. The trial court dismissed the complaint without leave to amend. We reverse.
As to the claims for declaratory relief, we observe that the test is not whether the plaintiff is entitled to a declaration in his favor, but rather, it is whether he is entitled to a declaration of rights. Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952); Mills v. Ball, 344 So.2d 635 (Fla. 1st DCA 1977). In essence, the County argues that the City does not have a sufficient interest to seek a declaration of rights. We disagree. Section 86.021, Florida Statutes (1981) states, in pertinent part:
Any person claiming to be interested or who may be in doubt about his rights under a deed, ... or whose rights, status, or other equitable or legal relations are affected by a statute, ... may have determined any question of construction or *594 validity arising under such statute, . . . deed, ... and obtain a declaration of rights, status or other equitable or legal relations thereunder.
We find that the City has standing to seek declaratory relief. It has alleged a sufficient interest in and doubts about its rights under the deed, the final decree, and the statutory authority to withstand a motion to dismiss those counts of the complaint seeking declaratory relief. See May v. Holley, 59 So.2d 636 (Fla.1952).
Failure to state a cause of action is the second basis upon which the County urges that dismissal was properly granted. Because it is not apparent that the pleading cannot be amended to state a cause of action, we find that the plaintiff must be allowed at least one opportunity to amend.[1]
Based on' the foregoing, we reverse and remand to the trial court for proceedings not inconsistent with this opinion.
Reversed and remanded.

. We express no opinion as to whether the plaintiff will ultimately be able to state a cause of action.