479 So.2d 800 (1985)
Mr. & Mrs. Dale APPEL, et al., Appellants,
v.
John SCOTT and Catherine Scott, His Wife, and George Scott, Appellees.
Mr. & Mrs. Helge AHNFORS, Appellants,
v.
John SCOTT and Catherine Scott, His Wife, and George Scott, Appellees.
Nos. 84-2667, 85-2223.
District Court of Appeal of Florida, Second District.
December 6, 1985.
*801 John T. Allen of John T. Allen, P.A., St. Petersburg, and Ronald L. Clark, Lakeland, for appellants.
Jerry A. DeVane of DeVane, Munson & Allen, Lakeland, for appellees.
RYDER, Chief Judge.
The appellants/plaintiffs appeal a final order in which the court granted the Scotts' motion for judgment on the pleadings as to Count I of the appellants' complaint. We reverse.
In April of 1984, over forty mobile home tenants of Flamingo Shores Mobile Home Park in Winter Haven filed a complaint against John, Catherine and George Scott, the owners of the park. The complaint was subsequently amended. The complaint stated that it was an action under the Declaratory Judgment Act, chapter 86, Florida Statutes (1983), to determine their rights and obligations under chapter 83, part III, Florida Statutes (1983), and its successor statute, chapter 723 (1984 Supp.), as it may be applicable, entitled "The Florida Mobile Home Landlord and Tenant Act." The tenants alleged that they each owned a mobile home and leased a lot from the Scotts, but no written leases existed. Over a three-month period in 1984, the Scotts increased the rent by 39.4%. This increase was unconscionable, because mobile homes are difficult and expensive to move. Because the tenants could not realistically move their homes, they are in a relatively unfair bargaining position with the Scotts. The increased rentals were in excess of the rental value of the property, were not founded upon any legitimate financial basis, and are arbitrary, capricious and confiscatory. The increases are grossly excessive when compared with rents charged by similarly situated mobile home parks in the county. The tenants believed the increases were unconscionable mobile home lot rental agreements in violation of section 83.754 and its successor statute, section 723.033. Therefore, the tenants are entitled to a judgment prohibiting the enforcement *802 of the rental increases. Because there was a bona fide dispute over whether the rental agreements were unconscionable, the tenants demanded a declaratory judgment adjudicating the rights and obligations of the parties.
In their answer, the Scotts admitted, among other things, that no written leases existed; that they had increased the rent by $35.00 per lot. However, the Scotts stated that the tenants had chosen to continue to reside in the park and had, therefore, impliedly agreed to pay the rental increases.
The Scotts filed a motion for judgment on the pleadings. In the motion, they argued, among other things, that under the case law it is within the discretion of the court to grant declaratory relief. Any doubts, uncertainty or insecurity forming the basis for a declaratory decree must arise from the facts and circumstances creating them and not merely from the state of mind of the plaintiff. The Scotts then argued that the appellants had failed to allege any facts which would give rise to any doubt as to their rights or obligations. Under the Park's rules and regulations, the management had the right to amend and add any fee. Because there was no doubt as to the clear and unambiguous meaning of the oral leases, the complaint failed to state a cause of action for declaratory relief. The Scotts also alleged that the appellants had failed to allege sufficient facts to show both procedural and substantive unconscionability.
There is no evidence in the record to indicate that the court held a hearing on the Scott's motion. The court subsequently entered an order which granted the Scott's motion for judgment on the pleadings to Count I of the complaint. In its order, the court did not state whether the judgment was based upon the reasoning that the complaint failed to establish the jurisdiction of the court by sufficiently establishing the tenants' right to declaratory relief, or whether the judge ruled on the merits of the tenants' claim. Under either ground, the judgment in favor of the Scotts was error.
When considering a motion for judgment on the pleadings, the court's sole inquiry is whether the complaint stated a cause of action. Butts v. State Farm Mutual Automobile Insurance Co., 207 So.2d 73, 75 (Fla. 3d DCA 1968); Adams Engineering Co., Inc. v. Construction Products Corp., 158 So.2d 559, 560 (Fla. 3d DCA 1963). When considering such a motion, all material allegations of the opposing party are taken as true, and all of the movant's allegations in the answer are deemed denied. Butts, 207 So.2d at 75. A defendant may not obtain a judgment on the pleadings on the basis of allegations in his answer where a reply was not required or ordered by the court. Glidden Co. v. Zuckerman, 245 So.2d 639, 640 (Fla. 3d DCA 1971); City of Pompano Beach v. Oltman, 228 So.2d 610 (Fla. 4th DCA 1969); Miller v. Eatmon, 177 So.2d 523, 524 (Fla. 1st DCA 1965). There is no evidence in the record before us that the court ever ordered the appellants to reply to the allegations in the appellees' answer. Therefore, the court had to consider the appellees' allegations denied and consider only the allegations of the appellants' complaint. Thus, the court's only inquiry at this point was whether the appellants sufficiently invoked the court's jurisdiction for a declaratory judgment action.
In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by *803 the courts or the answers to questions propounded from curiosity. Bell v. Associated Independents, Inc., 143 So.2d 904, 908 (Fla. 2d DCA 1962); Platt v. General Development Corp., 122 So.2d 48 (Fla. 2d DCA 1960), cert. dismissed, 129 So.2d 143 (Fla. 1961). The test of the sufficiency of a complaint for declaratory action is not whether the complaint shows that plaintiff will succeed in getting a declaration of right in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Modernage Furniture Corp. v. Miami Rug Co., 84 So.2d 916 (Fla. 1955) (emphasis added). See also Mills v. Ball, 344 So.2d 635, 638 (Fla. 1st DCA 1977), Talcott v. Central Bank and Trust Co., 220 So.2d 411, 412 (Fla. 3d DCA 1969); Broward County v. Lerer, 203 So.2d 672, 673 (Fla. 4th DCA 1967); Tulip Realty Co. of Florida, Inc. v. Fuhrer, 155 So.2d 637, 641 (Fla. 2d DCA 1963); Platt, 122 So.2d at 50. The possibility that the court will rule adversely to the plaintiff on the merits does not preclude the right to a declaratory decree. Talcott, 220 So.2d at 413. Therefore, a final adjudication of a declaratory judgment action on a defendant's motion is appropriate only where the complaint does not present a matter for determination by declaratory judgment. Cf. Hildebrandt v. Department of Natural Resources, 313 So.2d 73, 74 (Fla. 3d DCA 1975) (error for the trial court to dismiss with prejudice a properly invoked declaratory judgment action on defendant's motion to dismiss). See also Bella Isla Construction Corp. v. Trust Mortgage Corp., 347 So.2d 649, 653 (Fla. 3d DCA 1977). Where jurisdiction for a declaratory action is properly invoked, the action should be disposed of by a judgment which declares the rights of the parties. Id. at 653; Kickliter v. National Union Fire Insurance Co., 188 So.2d 872, 873 (Fla. 1st DCA 1966).
In the case before us, we hold that the appellants did allege the required elements to invoke the court's jurisdiction to provide declaratory relief. There is a bona fide dispute over whether the rental increases were unconscionable and, therefore, unenforceable. Appellants have deposited a sum representing the increases into the court registry. The right of the appellants not to pay these increases is dependent upon whether the amount of increases are unconscionable. The appellees obviously have an adverse interest in the issue of unconscionability, and were before the court. Lastly, the answer to this question would not be propounded from simple curiosity, nor would it be merely the court's giving legal advice. A declaration by the court would either establish the appellants' right not to pay the increases or establish the appellees' right to collect the increases. Because the appellants properly invoked the court's jurisdiction to provide declaratory relief, the court was obliged to hear the case on the merits and enter an order declaring the rights of the parties. Government Employees Insurance Co. v. Anta, 379 So.2d 1038, 1040 (Fla. 3d DCA 1980); Kickliter, 188 So.2d at 873.
In this case, if the court's order was grounded upon a ruling on the merits, the court erred by not holding a hearing during which the parties had a full opportunity to present evidence. See Mills, 344 So.2d at 638; Bell, 143 So.2d at 908-09. See also § 83.754(2), Florida Statutes (1983).[1] We recognize that there are cases which hold that a court may enter a final adjudication on the pleadings in a declaratory judgment action where the merits of the case can be determined as a matter of law from the pleadings. State Farm Mutual Automobile Insurance Co. v. Chapman, 415 So.2d 47, 49 (Fla. 5th DCA 1982), petition for review denied, 426 So.2d 29 (Fla. 1983); Trail Burger King, Inc. v. Burger King of Miami, Inc., 187 So.2d 55, 57 (Fla. 3d DCA *804 1966). However, that rule is applicable only where the moving party is clearly entitled to judgment. Id. at 57; Storer v. Florida Sportservice, Inc., 115 So.2d 433, 437 (Fla. 3d DCA 1959). In the case before us, the law applicable to the appellants' claim is not clear. Cf. Trail Burger King, 187 So.2d at 55 (trial court ruled that there were no questions of fact under the parties' contract). Furthermore, we question the propriety of applying that rule in a case such as the one before us where a statute expressly provides the parties a reasonable opportunity to present evidence. See § 83.754(2). Therefore, because the court did not hold a hearing on the motion for declaratory relief, we will not consider the court's ruling to be a ruling on the merits, nor the propriety of such a ruling.
Because the appellants properly invoked the jurisdiction of the court and the court did not hold a hearing on the merits, we must reverse.
Reversed and remanded for proceedings consistent with this opinion.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] Section 83.754(2), Fla. Stat. (1983), provides:

(2) When it is claimed or appears to the court that the rental agreement, or any provision thereof, may be unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to meaning, relationship of the parties, purpose, and other relevant factors to aid the court in making the determination.