PARKER, Judge.
Jack Graham, Inc., (Graham), which filed an action for declaratory judgment seeking cancellation of its 1990 tax assessment, appeals an order dismissing its complaint with prejudice for failure to state a cause of action. We reverse, concluding that *567 Graham has stated a cause of action for declaratory relief.
In 1988 John W. Mikos, Sarasota County Property Appraiser, appraised a building and improvements (boat docks) on premises owned by the City of Sarasota and leased to Graham. Mikos assessed this building and improvements to Graham as tangible personal property. Graham brought a declaratory action (the 1988 action) against Mikos requesting cancellation of this assessment, contending that the buildings and docks were exempt from taxation under section 196.199, Florida Statutes. Graham obtained a default and final judgment against Mikos in the 1988 action. The court in that case made the following findings in the judgment:
The Court finds that the buildings and docks situated on the premises in fact belong to the City of Sarasota and, as a result, these improvements are exempt from real or personal property ad valo-rem taxes. Accordingly, the Defendant’s assessment of these properties to the Plaintiff for the tax year 1988 is deemed to be null and void....
Six months after the entry of this judgment, Mikos filed a motion to vacate the judgment. The trial court denied the motion, and Mikos did not appeal.
In this case, Graham filed a declaratory judgment action against Mikos seeking cancellation of the 1990 assessment which, Graham asserts, assessed the same improvements, determining that they were taxable to Graham under the terms of its lease with the City of Sarasota. Graham’s action was grounded upon the prior adjudication of exemption in the 1988 action.[1] The operative allegations of Graham’s second amended complaint are as follows:
7. Plaintiff and Defendant were parties to Sarasota Circuit Court Case No. 89-1240-CA-01, Jack Graham, Inc., a Florida corporation, Plaintiff, vs. John W. Mikos, Sarasota County Property Appraiser, Defendant. In that case, Plaintiff alleged that the subject property was exempt from taxation under Fla. Stat. § 1969.199 [sic] because said property fell within one of the exemptions prescribed by this Statute. On September 20, 1989, the Circuit Court in and for Sarasota County, Florida found that the demised premises were in fact exempt from real or personal property ad valo-rem taxes under this Statute. A copy of this Final Judgment is attached to the original Complaint. There has been no change in the use, status, or ownership of the subject property since the entry of the Final Judgment of September 20, 1989.
Mikos moved to dismiss Graham’s second amended complaint. The trial court entered an order dismissing Graham’s second amended complaint for failure to state a cause of action, stating: “Plaintiff has failed to allege sufficient facts to establish an exempt use of the property and that it was entitled to an exemption from ad valo-rem taxation for this 1990 tax roll.” We conclude that dismissal was error.
This court, in Appel v. Scott, 479 So.2d 800 (Fla. 2d DCA 1985), set forth the allegations necessary to state a cause of action for declaratory relief. The Appel court stated:
In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity. The test of the sufficiency of a complaint for declaratory action is not whether the complaint shows that plaintiff will succeed in getting a declaration of right in accordance with his theory and contention, but *568 whether he is entitled to a declaration of rights at all. The possibility that the court will rule adversely to the plaintiff on the merits does not preclude the right to a declaratory decree.
Appel, 479 So.2d at 802-03 (citations omitted) (emphasis in original). This court concluded in Appel that a final adjudication of a declaratory judgment action on a defendant’s motion for judgment on the pleadings is appropriate only when the complaint does not present a matter for determination by declaratory judgment. The logic of Appel applies equally to the consideration of a motion to dismiss and the facts in this case. Graham has alleged that a court has by final judgment found that this property and improvements are exempt from real or personal property ad valorem taxes. Graham has alleged further that there has been no change in the use, status, or ownership of the property since the entry of that final judgment. We conclude that Graham’s complaint is sufficient to state a cause of action for declaratory judgment in an attempt to assert an exemption. As noted in Appel, this reinstatement of the second amended complaint does not preclude the possibility that a court eventually may rule adversely to Graham’s position in this matter.
Reversed and remanded with directions to the trial court to permit Graham to proceed on its second amended complaint.
RYDER, A.C.J., and FRANK, J., concur.

. Graham alleged in its complaint that it paid the contested assessed taxes.