220 So.2d 411 (1969)
Leroy E. TALCOTT, Jr., and Donald Andrus, Appellants,
v.
CENTRAL BANK AND TRUST COMPANY, a Florida Banking Corporation, As Guardian of the Property of Ellen Morgan Holl, and Bill Colson, Appellees.
No. 68-676.
District Court of Appeal of Florida. Third District.
February 25, 1969.
Rehearing Denied April 9, 1969.
*412 Quarles & Mills, So. Miami, for appellants.
Pallot, Poppell, Horwich & Goodman; Michael M. Isenberg and Ronald A. Shapo, Miami, for Central Bank & Trust Co.
Podhurst & Orseck, Miami, for Bill Colson.
Before PEARSON, BARKDULL and SWANN, JJ.
SWANN, Judge.
Leroy E. Talcott, Jr. and Donald Andrus [appellants] sued the defendants below and sought a declaratory judgment.
One of the defendants filed a pleading entitled "Motion to Dismiss" and/or "Motion for Judgment" on the pleadings. The motion was based on the ground that the complaint failed to state a cause of action but contained other grounds which could be construed as jurisdictional. The other defendant filed a Motion to Dismiss based on the grounds that the complaint failed to state a cause of action and that the plaintiffs had failed to join an indispensable party. It also contained grounds which might be construed as jurisdictional.
The trial court, after a hearing on the motions, rendered a final judgment for the defendants which dismissed the plaintiffs' complaint with prejudice.
The order of dismissal did not state the grounds upon which it was based. In May v. Holley, Fla. 1952, 59 So.2d 636, 637, the court made the following observations which are pertinent to the dismissal with prejudice of this complaint for declaratory judgment.
* * * * * *
"The decree of the lower court left counsel and this court entirely in the dark as to the grounds upon which the bill was dismissed. This should be avoided whenever possible. When a bill is attacked upon several grounds some of which go to the real merits of the controversy and some to jurisdictional or procedural questions, the parties have a right to know the reasons which motivated the action of the courts.
As used in the order being reviewed the words `with prejudice' might mean that the court determined that the plaintiff had no enforceable rights with respect to the building in question, as appellee construes it, or they might merely constitute an adjudication that plaintiff had not presented a case coming within the statute authorizing declaratory relief."
* * * * * *
The general rule stated in Rosenhouse v. 1950 Spring Term Grand Jury, In and For Dade County, Fla. 1952, 56 So.2d 445, 448 is:
* * * * * *
"The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. * * *" See also 9 Fla.Jur. Declaratory Actions § 47.
* * * * * *
It is fundamental that in filing the Motion to Dismiss, the defendants admitted, for the purpose of the motion, all well pled allegations in the plaintiffs' complaint. A reading of the complaint in this light indicates that it was sufficient to entitle the plaintiffs to a declaration of the rights as to which they were allegedly in doubt.
*413 The possibility [or even probability] that the proper interpretation of the agreement in question would result in an adverse decree to the plaintiffs does not preclude their rights to a declaratory decree. See Jackson Tom, Inc. v. Carlton, Fla.App. 1961, 133 So.2d 752. This opinion does not consider the merits of the controversy between the parties but simply holds that procedural error was committed by the trial court in dismissing this complaint with prejudice; under these circumstances.
This cause is, therefore, reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.