FERGUSON, Judge
(dissenting).
This case came before the trial court on pleadings which give “not the slightest indication” that the O’Donnells’ damages are less than $300,000. There is a controversy because Mr. O’Donnell contends that the policy provides $750,000 in coverage whereas the insurer’s position is that the policy provides a maximum coverage of only $300,000.
The question presented by this appeal is whether an uncertainty as to the amount of coverage provided by a policy of insurance raises a coverage question which is determinable by the court when presented by a complaint for declaratory relief. The majority says that until the O’Donnells prove damages in excess of $300,000, the question is “academic.” I disagree.
Section 86.021, Florida Statutes (1985), Declaratory Judgments, provides that:
Any person ... who may be in doubt about his rights under a ... contract ... may have determined any question of construction or validity arising under such ... contract_
Section 86.031 provides that a contract may be construed “before ... there has been a breach of it.”
The possibility that the O’Donnells’ damages could be less than $300,000 does not preclude the right to a declaratory judgment determining the amount of coverage. See Talcott v. Central Bank & Trust Co., 220 So.2d 411 (Fla. 3d DCA 1969) (test for sufficiency of complaint in declaratory judgment proceeding is not whether complaint shows possibility that plaintiff will succeed in getting a declaration of rights in accordance with his theory and contentions).
If the disparity in the claimed amount of coverage had been greater, e.g., $100 versus $1,000,000, it could not be seriously maintained that there is no bona fide coverage issue. It makes no difference, for the sake of controversy, that the contentions here are $300,000 versus $750,000. The plaintiff was entitled to a pre-breach declaration to resolve any doubt as to the amount of coverage.