PER CURIAM.
This cause is before us on petition for writ of common law certiorari to review the order of the trial court denying petitioner’s motion to dismiss. We found that the petition demonstrated a preliminary basis for relief and issued an order to show cause. See Rule 9.100(f), Florida Rules of Appellate Procedure; Kauffman v. King, 89 So.2d 24, 26 (Fla.1956). See also Canadian Home Insurance Company v. Norris, 471 So.2d 217 (Fla. 4th DCA 1985).
Respondent John Bender, a coppersmith by trade, was exposed to asbestos while in the United States Navy and filed suit in the nature of a products liability action against Keasbey & Mattison, Inc., its insurer (petitioner), as well as 14 other companies dealing with asbestos or asbestos-containing products and their insurers for compensatory and punitive damages.[1]
Petitioner American Mutual, insurer of Keasbey & Mattison, moved to dismiss the action against it on the ground that Keas-bey & Mattison was not served, and Florida law does not recognize direct actions against insurance companies.[2] The motion was denied, as was petitioner’s motion for rehearing. Petitioner now seeks our review by common law certiorari.
On a motion to dismiss, the trial court is limited to the allegations of the complaint, and must construe those allegations in favor of the nonmoving party. The complaint alleges the following, in pertinent part:
14. Defendant, Nicolet, Inc., merged with its asbestos insulation producing predecessor, Keasbey & Mattison, Inc., and succeeded to its liabilities, or so succeeded either by de facto merger, by express or implied assumption, or by being a mere continuation of its predecessor.
According to the complaint, Keasbey & Mattison merged with Nicolet, Inc., a named and served defendant, who assumed the liabilities of its predecessor.
Where a plaintiff is required to prove an insured’s negligence in order to recover damages from the insurer, the insured is an indispensable party, and no action may proceed against the insurer without the insured or its properly substituted party. Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972), cert. denied, 276 So.2d 168 (Fla.1973); and Roberts v. Nationwide Mutual Fire Insurance Company, 355 So.2d 219 (Fla. 1st DCA 1978). Count I of respondents’ complaint alleges negligence on the part of the insured (Keasbey & Mattison, Inc.), thereby requiring proof of the insured’s negligence in order to recover from the insurer (petitioner). However, the complaint also alleges that Keasbey & Mattison merged with Nicolet, Inc., who assumed the liabilities of the former. Nicolet, Inc. has been joined and served in the suit. The record does not contain the insurance policy issued by petitioner nor the documents pertaining to the corporate merger. Error does not appear, and finding no basis for exercise of this court’s certiorari jurisdiction, certiorari is denied.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.

. Respondent does not claim to have contracted his asbestos-related disease while in the employ of Keasbey & Mattison, Inc., or any of the other named defendant corporations; rather, respondent alleges, in part, that through his work as a coppersmith with the United States Navy from 1944 to 1966 he was exposed to the effects and results of working with "asbestos and asbestos-containing insulation materials which were manufactured, processed, imported, converted, compounded, distributed, sold or otherwise placed into the channels of commerce by respective defendants.”

. Two other grounds asserted in the motion to dismiss have not been raised in the petition and will not be discussed.