536 So.2d 1148 (1988)
CITY OF GAINESVILLE CODE ENFORCEMENT BOARD, Appellant,
v.
John J. Lewis and Richard L. Buchholz, Appellees.
No. 88-305.
District Court of Appeal of Florida, First District.
December 28, 1988.
Ronald D. Combs, Asst. City Atty., Gainesville, for appellant.
*1149 Robert A. Stern, P.A., Gainesville, for appellees.
BARFIELD, Judge.
City of Gainesville Code Enforcement Board ("CEB") appeals an order granting Richard Buchholz' motion to dismiss a statutory lien foreclosure complaint with prejudice for failure to state a cause of action. We reverse because CEB's complaint states a valid cause of action, and the trial court erred in dismissing the complaint.
In March 1987, CEB filed an action to foreclose statutory liens on real property against Richard Buchholz, who had purchased the property (subject to the liens) from John Lewis. The liens arose from Lewis' violation of two city ordinances, section 15(a)-35 pertaining to faulty electrical connections and section 29-15(c) relating to zoning for single-family dwellings. CEB's complaint alleged that Lewis failed to comply with either ordinance within the time limits previously specified by CEB, which resulted in a lien being imposed on March 5, 1985. The complaint further alleged that actual compliance had occurred as of June 12, 1985, and an amended lien was imposed on August 16, 1985. However, neither Lewis nor Buchholz had paid the outstanding liens which totalled $3,380.00.
Buchholz filed a motion to dismiss CEB's complaint for failure to state a cause of action upon which relief could be granted alleging that: (1) CEB failed to allege statutory or jurisdictional authority for bringing the action; (2) the city attorney was serving as both CEB counsel and counsel for the city in violation of section 162.05(4), Florida Statutes (1985); (3) the amended lien was improper according to 1986 Op. Att'y Gen. Fla. 86-10 (January 29, 1986) ("AGO 86-10") which interpreted section 162.09 to mean that a municipality may not provide for continued running of fines against property owners for noncompliance after a lien has been recorded and a municipality may not amend its original lien to include portions of fines accumulating after the original lien was recorded; (4) the original lien was defective according to 1985 Op. Att'y Gen. Fla. 85-84 (October 25, 1985) ("AGO 85-84") which interpreted § 162.09 to mean that a code enforcement board must find that the same violation has been repeated by the same violator before it can impose a fine for each day the repeated violation continues past the date set for compliance; and (5) the date of re-inspection reflecting compliance on June 12, 1985 does not state the date that corrective action was actually taken, so that the fine assessment through June 12, 1985 was improper.
In opposing the motion to dismiss, CEB asserted that: (1) its jurisdiction to bring this action is derived from Section 162.09 which it properly alleged in paragraphs 8 and 9 of the complaint; (2) CEB did not violate Section 162.05(4) because the city attorney serves as prosecutor before the CEB, and CEB's counsel is a contract position and not employed by the city; (3) assuming Buchholz accurately interpreted AGO 86-10 regarding the impropriety of the amended lien, AGO 86-10 does not invalidate the original lien; (4) Buchholz misinterpreted AGO 85-84, which merely prohibits CEB from assessing additional fines once it meets and acts upon the affidavit of noncompliance and from that point on, a finding of a repeated violation by the same violator is required; and, that AGO 85-84 in no way affects a code enforcement board's authority to assess a fine and establish a lien on the original violation.
In dismissing the complaint with prejudice the trial court did not state any reasons for its decision, nor was the hearing on dismissal transcribed. CEB asserts that the trial court's failure to give reasons for the dismissal with prejudice constitutes reversible error, citing May v. Holley, 59 So.2d 636 (Fla. 1952) and Talcott v. Central Bank & Trust Company, 220 So.2d 411 (Fla. 3rd DCA 1969).
Although the better practice would have been for the trial court to state the grounds for dismissal, see Jezek v. Vordemaier, 227 So.2d 69, 71 (Fla. 4th DCA 1969), nothing in the Florida Rules of Civil Procedure requires a trial court to specify the grounds for dismissal. Without moving the lower court for a rehearing under *1150 rule 1.530 or supplying this court with an adequate record pursuant to the appellate rule 9.200, CEB's argument for reversal on this ground carries little weight. Furthermore, in both May and Talcott the trial court had erred because the complaint had stated a sufficient cause of action under the declaratory judgment statute. In dictum, the court in Talcott (quoting May), observed that where a motion to dismiss challenges a complaint on several grounds, including the merits, jurisdictional or procedural matters, "the parties have a right to know the reasons which motivated the action of the court[s]". 220 So.2d at 412. Neither case stands for the proposition that a trial court commits reversal error solely because it fails to state its reasons for dismissing a complaint with prejudice.
The core issue in this appeal is whether any of the five reasons argued by Buchholz in his motion would support dismissal of the complaint and if so, whether the defect could have been cured by amendment. On a motion to dismiss, a trial court is limited to the allegations of the complaint, and must construe those allegations in favor of the non-moving party. American Mutual In. Co. v. Bender, 513 So.2d 669 (Fla. 1st DCA 1987) rev. den. 518 So.2d 1273 (Fla. 1987). When a complaint is dismissed for failure to state a cause of action, this court must assume that the allegations of the complaint are true and draw all reasonable inferences arising from the allegations in favor of the plaintiff. Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983). Furthermore, a complaint which states a cause of action on any ground should not be dismissed for failure to state a cause of action. Nicholson v. Kellin, 481 So.2d 931 (Fla. 5th DCA 1986).
As to the first reason for dismissal, CEB alleged in paragraphs 8 and 9 of the complaint its statutory authority for bringing the action, and even if the complaint were deficient in this regard, it would not be a valid ground for dismissal with prejudice since it could have been easily cured by amendment. As to the second reason for dismissal, even assuming that CEB's counsel was serving in a dual capacity such a reason would not be a valid basis for dismissal with prejudice. The third and fifth reasons affect the amount accrued for noncompliance, and unless the original lien was invalid, this could not possibly have been a reason for the trial court's dismissal of the complaint.
The remaining reason for dismissal concerns whether CEB's original lien was defective. Chapter 162, Fla. Stat. (1985), the "Local Government Code Enforcement Boards Act", authorizes counties and municipalities to create a code enforcement board to enforce local codes and ordinances which have no criminal penalties, where a pending or repeated violation continues to exist. Section 162.02. Enforcement is initiated by a code inspector who notifies the violator and gives him a reasonable time to correct the violation, and if the violation continues beyond the time specified for correction the code inspector must notify the board and request a hearing. Section 162.06. Under the procedures set forth in section 162.07, the board must issue findings of fact, conclusions of law and an order affording the proper relief consistent with the statute.
Section 162.09 authorizes the board, upon notification by the code inspector that a previous order of the board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, to assess fines up to $250/day for each day that a violation continues past the date set for compliance. Once a certified copy of the order imposing a fine is filed with the public records, it constitutes a lien upon either the land involved or other property owned by the violator, and within six months the board may authorize the city attorney to foreclose on the lien except if it involves real property which is a homestead under the Florida Constitution.
The exhibits referenced in and attached to CEB's complaint show that CEB took the appropriate steps pursuant to Chapter 162. Exhibit A, dated December 6, 1984, contains CEB's findings of fact, conclusions of law and order directing Lewis to comply with the city code, and warned *1151 Lewis that if he did not comply by the specified dates, a penalty of $10/day for each day of noncompliance would be assessed. Exhibit B and C are the code inspector's affidavits of noncompliance for the section 15A-35 and section 29-15(c) violations. Exhibit D is the order imposing a fine for noncompliance with the original order, and Exhibit E is the amended order and lien. Exhibits F and G are affidavits of compliance dated July 10, 1985 showing compliance with both ordinances on June 12, 1985, the date of re-inspection.
Essentially, Buchholz' motion challenges whether CEB sufficiently alleged the legal requisites for foreclosure of a Chapter 162 lien. CEB contends that the exhibits attached to its complaint more than adequately demonstrated for the trial court that a valid CEB lien existed and that judgment should have been granted with a forced sale of appellee's non-homestead property if the judgment was not paid. Buchholz asserts that according to AGO 85-84, CEB's original lien was fatally defective in that CEB never made a separate finding that the same violation had been repeated by the same violator, thus CEB had no authority to impose any fine.
AGO 85-84 interpreted section 162.09 to require that a code enforcement board make a separate finding that a violation has been repeated by the same violator before it may impose a fine for each date the repeated violation continues past the date set for compliance. The attorney general stated that the statute authorized or contemplated no other procedure for pending or repeated violations.
The plain language of section 162.09 provides that a board may assess a fine when notified that "... a previous order of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator ..." (emphasis added). The first type of violator appears to be someone like Buchholz and the second type seems to contemplate someone who was cited for a violation at one time and corrected it, but violated the ordinance again. With the latter, the board must find a repeat violation and, as we read AGO 85-84, it cannot meet again merely to certify a fine for the time period which the violator was in noncompliance with the board's prior order. Under this construction, AGO 85-84 is inapplicable to the instant case. CEB alleged in the complaint a statutory lien arising from noncompliance with a pending CEB order. It never alleged that the same violation was repeated by the same violator. A separate finding was not needed. However, if AGO 85-84 can be read to require a separate finding of a repeat violation for a pending noncompliance order, such an interpretation is unreasonable given the clear language of section 162.09. See generally, Lowry v. Parole and Probation Com'n, 473 So.2d 1248 (Fla. 1985). In summary, CEB stated a valid cause of action under Chapter 162 and the trial court erred in dismissing the complaint.
Accordingly, we REVERSE.
JOANOS and WIGGINTON, JJ., concur.