NESBITT, Judge.
The Code Enforcement Board of Monroe County appeals a trial court’s order reversing and remanding the board’s determination of a code violation and its imposition of a fine on a lot within a mobile home park. The trial court concluded that the joinder of an additional party and imposition of fines on additional lots within the park was necessary before the board’s ruling could be enforced. On cross-appeal, the park argues that section 162.09 Florida Statutes (1995) does not authorize holding the park, as the present landowner, hable for a past landowner’s code violation, and further, that to the extent section 162.09 does authorize such liabihty and the imposition of a daily fine for such violation, it is unconstitutional.
Whispering Pines Associates (Whispering Pines) was created on a parcel of land containing three lots, referred to as Lots 21, 22 and 23. Lots 22 and 23 are zoned “urban residential-mobile home” (URM), to permit mobile homes. Lot 21 is designated “suburban residential” (SR). SR zoning prohibits mobile homes. Lot 21 presently contains three mobile homes in violation of the zoning code.
In January 1989, June 1989, and June 1991, three building permits were issued to the previous owner of the lots, for the placement of three mobile homes on Lots 22 and 23. The three mobile homes, however, were placed on Lot 21. Whispering Pines purchased the three lots in November of 1991. In April 1992, Whispering Pines sold one of the mobile homes on Lot 21 to a third party, Ellen Fegan. In May 1992, building officials, upon discovery of the violation, revoked the building permits and ordered Whispering Pines to remove the mobile homes from Lot 21 within 90 days. Whispering Pines appeal *875 ed to the Planning Commission, which sustained the revocation.
In 1993, Monroe County’s Code Enforcement Department initiated a code enforcement proceeding in an effort to bring the property into compliance with the zoning code. The Code Enforcement Board entered an order finding the three mobile homes on Lot 21 to be in violation of the lot’s SR designation. Whispering Pines was cited for the continuing code violation, and a daily penalty of $100 was set. The board gave the park seven months to bring the property into compliance either by removing the mobile homes or by obtaining a variance, however, the park did not follow either of these alternatives. The park appealed the board’s determination to the circuit court, which issued the order under review.
The trial court’s order remanded the ease back to the board with directions to cite mobile home owner, Fegan, as an additional party, and to set separate fines for Lots 22 and 23.
Section 162.09 Florida Statutes provides in part:
(1) An enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time ... may order the violator to pay a fine in an amount specified in this section for each day the violation continues past the date set by the enforcement board for compliance....
(3) A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator.
Thus, clearly code violations “run with land” and subsequent purchasers can be held responsible for bringing their property up to code. See City of Gainesville Code Enforcement Bd. v. Lewis, 536 So.2d 1148 (Fla. 1st DCA 1988). By necessity and logic, there is nothing unconstitutional in holding that as the party who has the power to bring the land into code compliance, the current owner should be charged with that responsibility. As the statute provides, a hearing was held and the owner was given time to get a variance or comply with the code. Whispering Pines never having obtained the necessary permits and never having removed the mobile homes, was then properly fined for “each day” of its non-compliance.
While the trial court correctly concluded that the park was a violator, it incorrectly required the joinder of Fagan. As stated above, because the penalty for noncompliance was “a lien against the land,” the park was properly deemed to be the violator in this action. The trial court also incorrectly required remand for the imposition of fines on Lots 22 and 23. Because there was no violation on Lots 22 or 23, no order of compliance as to those parcels was required.
Accordingly, we reverse in part, and remand with instructions to reinstate the board’s order. We affirm the trial court’s order as to the issue raised in the cross-appeal.