Dear Mr. Knox:
On behalf of the Board of County Commissioners of Brevard County, you have asked for my opinion on substantially the following question:
Do the provisions of Part I, Chapter 162, Florida Statutes, preempt or otherwise operate to prevent Brevard County from adopting an ordinance defining the term "violator" to include property owners when ordinance violations exist on or at their properties, but are caused or allowed to be caused by tenants residing at those properties?
In sum:
The Local Government Code Enforcement Boards Act does not preempt or otherwise operate to prevent Brevard County from adopting an ordinance defining a "violator" to include the owners of real property upon which a code violation may exist when the violation may have been caused by tenants residing on those properties.
You have asked whether the provisions of the "Local Government Code Enforcement Boards Act,"[1] represent a preemption to the state of the matters addressed therein and the discussion herein is limited to this issue.
Part I, Chapter 162, Florida Statutes, the "Local Government Code Enforcement Boards Act,"[2] was enacted to create administrative enforcement procedures for violations of county and municipal technical codes.[3] Specific legislative action was necessary to authorize local governing bodies to impose administrative fines in light of the constitutional prohibition against the imposition of penalties by administrative agencies except as provided by law.[4] While a municipality has the authority to prescribe penalties for violations of its ordinances, state law must authorize an administrative agency to impose such penalties.[5]
Moreover, if a municipality uses the provisions of Chapter 162, Florida Statutes, as the means of enforcing its codes, it does not have the authority to alter the statutorily prescribed enforcement procedures set forth therein.[6]
A previously issued opinion of this office, Attorney General Opinion 81-62, considered the converse of your question, that is, whether the jurisdiction of a local government code enforcement board was limited to reviewing only a property owner's alleged violation of the city code to the exclusion of a nonproperty owner's alleged violation.
As discussed in that opinion, resolution of the question is dependent on a review of the wording of the particular ordinance or code provision allegedly being violated to determine to whom the ordinance assigns responsibility for compliance. The act itself recognizes that both a property owner and someone other than the owner of the property may be responsible for a violation of a local government code provision. For example, the section providing enforcement procedures for the act, mentions both the "violator"[7] and "the owner of property that is subject to an enforcement proceeding[.]"[8]
Similarly, the notice procedures for the act reflect several options depending upon the identity of the violator. Section 162.12(1)(a), Florida Statutes, authorizes notice to be given by certified mail, return receipt requested "if such notice is sent . . . to the owner of the property in question[.]" Another section of this statute, section 162.12(1)(c), Florida Statutes, authorizes the delivery of notice of a violation by "[l]eaving the notice at the violator's usual place of residence[.]"
Attorney General Opinion 81-62 notes that a review of the legislative history surrounding adoption of the act "discloses no intent on the part of the Legislature that the board's jurisdiction be limited to only property owners' alleged violations of the enumerated codes thus excluding from its jurisdiction nonproperty owners' violations of designated codes that apply or may apply to nonproperty owners." The Local Government Code Enforcement Boards Act was intended to provide "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities[.]"[9] As the earlier opinion concludes, "[t]o interpret the Act as providing for an `equitable, expeditious, effective, and inexpensive method' of enforcement only for violations committed by property owners appears to me to be in contravention of the express intent of the Legislature especially when the terms of the underlying municipal ordinance apply or can be properly construed to apply to nonproperty owners within the incorporated area."[10] I am aware of no legislative amendments of the act or case law decided since the 1981 opinion that would change this conclusion. It is my opinion that the conclusion is equally applicable to counties as to municipalities.
Thus, this office has previously concluded that local ordinances and codes may apply or be construed to apply to alleged violations by both property owners and nonproperty owners under the provisions of Part I, Chapter 162, Florida Statutes. I recognize that the notice of violation provisions in Chapter 162, Florida Statutes, specifically require that the "violator" be notified, however, the Local Government Code Enforcement Boards Act does not define "violator" for purposes of the act, nor does the use of the term limit its application based on ownership interests in the property.[11]
Further, Florida courts have held that since code violations clearly "run with the land" and subsequent purchasers can be held responsible for bringing their property into compliance with the local code, [12]
"[b]y necessity and logic, there is nothing unconstitutional in holding that as the party who has the power to bring the land into code compliance, the current owner should be charged with that responsibility."[13]
Thus, it would appear that a local code provision defining a "violator" to include the owner of the property upon which code violations exist would not be preempted by or conflict with the terms of Part I, Chapter 162, Florida Statutes.
In sum, the Local Government Code Enforcement Boards Act does not define the term "violator" for purposes of the act, nor does the use of the term limit its application based on ownership interest in the property upon which a violation occurs. Thus, it is my opinion that the act does not preempt or otherwise operate to prevent Brevard County from adopting an ordinance defining a "violator" to include the owners of real property upon which a code violation may exist when the violation may have been caused by tenants residing on those properties.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 162.01, Fla. Stat., for the short title of the act.
[2] See s. 162.01, Fla. Stat., for the short title of the act.
[3] See s. 162.02, Fla. Stat., providing legislative intent for the act.
[4] Section 18, Art. I, Fla. Const. And see s. 1, Art. V, Fla. Const., which provides that "[c]ommissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices."
[5] Id. And see, Op. Att'y Gen. Fla. 89-24 (1989) (municipality may prescribe penalties for violation of its ordinances).
[6] See Op. Att'y Gen. Fla. 01-77 (2001). See, e.g., Ops. Att'y Gen. Fla. 89-16 (1989), 85-33 (1985), and 84-55 (1984).
[7] Section 162.06(2), Fla. Stat.
[8] Section 162.06(5), Fla. Stat.
[9] Section 162.02, Fla. Stat.
[10] And see Inf. Op. to Dellagloria dated May 2, 2001.
[11] And see Op. Att'y Gen. Fla. 88-36 (1988) (notice required to be given to the "violator" of a code requires notification to all owners of property owned by more than one person).
[12] See Henley v. McDonald, 971 So. 2d 998 (Fla. 4th DCA 2008),Monroe County v. Whispering Pines Associates,697 So. 2d 873 (Fla. 3d DCA 1997), and City of GainesvilleCode Enforcement Board v. Lewis, 536 So. 2d 1148 (Fla. 1st DCA 1988).And see s. 162.06(5), Fla. Stat., requiring the owner of property subject to an enforcement proceeding to disclose the existence and the nature of the proceeding to any prospective transferee and to disclose in writing to the prospective transferee that the new owner will be responsible for compliance with the applicable code and with orders issued in the code enforcement proceeding.
[13] Monroe County v. Whispering Pines Associates,697 So. 2d 873, 875 (Fla. 3d DCA 1997).